627 So.2d 560 (1993)
Aimen Mahoud ABUSALAMEH, d/b/a PIC A PAC, Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellee.
No. 92-3499.
District Court of Appeal of Florida, Fourth District.
December 1, 1993.
Peter N. Hanna, Fort Lauderdale, for appellant.
John F. Gilroy, Tallahassee, for appellee.
STONE, Judge.
We reverse a final order revoking Appellant's alcoholic beverage license without a hearing. The record reflects confusion concerning the cancellation of, and subsequent failure to reschedule, the only noticed hearing. Consequently, there was an "equitable tolling." Machules v. Department of Admin., 523 So.2d 1132 (Fla. 1988); Castillo v. Department of Admin., Div. of Retirement, 593 So.2d 1116 (Fla. 2d DCA 1992); Stewart v. Department of Corrections, 561 So.2d 15 (Fla. 4th DCA 1990).
It is undisputed that Appellant received a notice to show cause, scheduling an informal conference with the department on August 6, 1992, "to determine if you desire administrative proceedings and hearings or if you wish to stipulate to the charges." The notice informed Appellant that if the charges were not resolved by the informal conference, he could request a hearing pursuant to chapter 120, Florida Statutes. The notice form sets out the procedure for requesting the hearing, but Appellant did not follow this procedure. Instead, his counsel wrote to the official, Captain Smith, who was to conduct the August 6th conference, entering an appearance, requesting a continuance of the conference, and asking that the proceeding be put "on hold." The letter ended, "May I please hear from you?" This letter is in the record. It is also undisputed that the lawyer subsequently spoke to Captain Smith's secretary on August 5th and was told the hearing would be cancelled and that he should call later that day for a new date. The attorney asserts that he did call but that the captain went out of town. Counsel also claims that he wrote a subsequent letter, but the department apparently denies receiving it. The record does not reflect any additional correspondence from the department.
In November, the department acted, concluding Appellant had waived his right to a hearing and summarily revoking his liquor license. Appellant contends that the department may not determine that his right to further notice and a hearing was waived given the earlier, albeit procedurally flawed, communications with Captain Smith's office.
In Machules, an employee, instead of timely filing an administrative appeal, had his *561 union file a grievance on his behalf. The grievance hearing was held after the expiration of the 20-day appeal period. The court applied a balancing test in judging the equitable circumstances that resulted in an untimely filing. There, the court found that the employee was lulled into inaction and that his claim had been raised timely, though in the wrong forum. The court concluded that it was not unreasonable for the employee not to understand clearly which avenue of review to pursue. The court also noted the lack of prejudice to the employer, which was on notice of the employee's intent to appeal.
Here, Appellant could reasonably conclude that the hearing request deadline was dependent on the outcome of the informal conference, which was cancelled and not rescheduled. Even if Appellant's counsel is at fault in not ensuring that the conference was reset, the department nevertheless was on notice that Appellant was pursuing his rights and understood that the only scheduled event had been continued. Therefore, the department could not conclude, without further notice, that Appellant had waived all other administrative procedure rights.
The case is remanded for further proceedings.
DELL, C.J., and FARMER, J., concur.