PER CURIAM.
A cruise passenger alleging personal injury appeals a final summary judgment entered in the cruise line’s favor upon a finding *1309 that the passenger’s action was time-barred. We affirm.
Karen Sue Wilkin claimed that she suffered injuries while a passenger on a Carnival Cruise Lines ship, the Mardi Gras, operated during the week of November 21, 1991. On November 11, 1992, Wilkin filed a complaint in a Michigan court against Carnival and on July 6, 1993, the Michigan court dismissed the complaint for lack of jurisdiction based on the ticket contract’s forum selection clause. Several days prior to this dismissal, on June 29, 1998, Wilkin refiled her complaint in a Dade trial court. The Dade trial judge subsequently granted the cruise line’s motion for summary judgment, the order here under appeal.
The Dade trial judge granted that order relying on the ticket contract which clearly indicated:
Suit to recover any claims shall not be maintainable in any event unless commenced within one year after the date of the loss, injury or death.
Wilkin argued to the trial judge that notwithstanding that language, the judge should apply the doctrine of equitable tolling since Wilkin timely asserted her rights, mistakenly, in the wrong forum. As stated in Machules v. Department of Admin., 523 So.2d 1132, 1134 (Fla.1988):
The tolling doctrine is used in the interests of justice to accommodate both a defendant’s right not to be called upon to defend a stale claim and a plaintiffs right to assert a meritorious claim when equitable circumstances have prevented a timely filing. Equitable tolling is a type of equitable modification which “ ‘focuses on the plaintiffs excusable ignorance of the limitations period and on [the] lack of prejudice to the defendant.’ ” Cocke v. Merrill Lynch & Co., 817 F.2d 1559, 1561 (11th Cir.1987) (quoting Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir.1981).
Carnival maintained that the reason for Wilkin’s failure to comply with the limitations period was her blatant disregard of the terms of the passage contract which were communicated to her both through the ticket and otherwise. The cruise line argued that it had not misled Wilkin and, in fact, pointed out that the company had sent her a letter which outlined the contract conditions — including the forum selection clause — prior to her institution of the suit in Michigan.
The trial judge determined that because it was clear from the affidavit of a ship employee that a passenger must present a complete passage ticket at the time of boarding, and that the ticket is returned to the passenger at boarding, Wilkin should be held to the terms of the ticket. Hallman v. Carnival Cruise Lines, Inc., 459 So.2d 378 (Fla. 3d DCA 1984). In sum, the trial judge under these circumstances concluded that filing suit in the improper forum did not toll the ticket’s one-year time limitation. We find no error in the trial judge’s decision. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965).
Accordingly, the order under review is affirmed.