SHAHOOD, Judge.
Appellant, Robert Haynes (“Haynes”) was discharged from Ms position as a financial examiner/analyst with the Department of Insurance (“Agency”) for allegedly entering into a personal business relationsMp with a company being investigated by the Department. He appealed that decision to the Public Employees Relations Commission (“PERC”). Thereafter, Haynes filed a typed letter requesting that PERC accept the withdrawal of his appeal and expressing his intention to refile through the Urnon Grievance System.
On March 15, 1996, PERC entered a “Final Order” stating that “Haynes’ withdrawal of Ms appeal is accepted and the appeal is dismissed.” The order further notified Haynes of Ms right to appeal to the appropriate district court of appeal within 30 days or, alternatively, to file a motion for reconsideration within 15 days.
On July 1, 1996, well past the time for filing a motion for reconsideration, Haynes filed with PERC a Motion to Reopen the Case. He asserted that, based on representations by urnon representatives that the urnon grievance process would be the better course of action and both a grievance and an appeal to PERC could not proceed simultaneously, *822 he had withdrawn his prior appeal to PERC. Subsequent to Haynes’ withdrawing his appeal, the Agency refused to entertain the grievance stating that Haynes had elected his forum by originally filing an appeal with PERC. PERC denied Haynes’ request to reopen the case stating that it was without jurisdiction to do so.
In denying Haynes’ motion to reopen the case, PERC stated that with Haynes’ prior filing of a motion to dismiss and the running of the time for filing a motion for reconsideration of the order granting same, PERC was divested of jurisdiction in this matter and was without authority to reopen the case. Haynes appeals that order arguing that the doctrine of equitable tolling should be applied in his case because he was misled as to the proper procedure for seeking review of his dismissal.
We agree that with the passing of over 100 days PERC was without jurisdiction to entertain Haynes’ motion to reopen the case. See generally Middlebrooks v. St. Johns River Water Management Dish, 529 So.2d 1167 (Fla. 5th DCA 1988)(a withdrawal divests the agency of jurisdiction and prevents it from taking further action in the matter). We agree with Haynes, however, that, at the very least, PERC should have held a hearing to determine whether his claims justify application of the doctrine of equitable tolling. See, e.g., Castillo v. Department of Admin. Div. of Retirement, 593 So.2d 1116 (Fla. 2d DCA 1992).
As stated by the Florida Supreme Court in Machules v. Department of Administration, 523 So.2d 1132 (Fla.1988), in adopting the language of Judge Zehmer’s dissent in the district court case, that to deny relief in this case
does little to engender public confidence in the needed simplicity and certainty of the administrative process, which is a primary objective of the Administrative Procedure Act, chapter 120, Florida Statutes (1983). The present Florida Administrative Procedure Act was intended to simplify the administrative process and provide the public with a more certain administrative procedure, thereby insuring that the public would receive due process and significantly improved fairness of treatment, than was commonly afforded under the predecessor act.
Thus, as there are insufficient facts established to enable us to discern whether equitable tolling should be applied, we remand this case to PERC to conduct a hearing on that issue.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
STONE and WARNER, JJ., concur.