**In re: VITAMINS ANTITRUST LITIGATION.**

No. 05–7002.

United States Court of Appeals, District of Columbia Circuit.

May 15, 2006.

Before SENTELLE and BROWN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed and that the request for certification to the Supreme Court of Florida be denied.

On December 1, 2003, Southeast Milk, Inc. ("Appellant"), an indirect purchaser of vitamin products, filed a price fixing suit pursuant to Florida law against several vitamin manufacturers ("Appellees"). After Appellees removed from Florida state court to federal court based on diversity, the case was then transferred to the United States District Court for the District of Columbia. The district court granted Appellant's motion to dismiss, per Federal Rule of Civil Procedure 12(b)(6), concluding that, because no relevant acts were alleged after March 1999, the four-year statute of limitations barred Appellant's claims. *See* Fla. Stat. § 95.031(1) (statute of limitations begins to run when cause of action accrues, which is "when the last element constituting the cause of action occurs"); Fla. Stat. § 95.11(3)(f) (four-year period for actions "founded on a statutory liability"). Appellant now proffers, as it did before the court below, two grounds

for deflecting the Florida statute of limitations: tolling and equitable estoppel.[1] Reviewing the dismissal de novo, with Florida law charting our course, we affirm.

■ First, Appellant argues the statute of limitations was tolled during the pendency of a related class action (the *"Garofolo"* class action)—of which Appellant had been a defined class member from the action's inception in June 1999 until Appellant sought to opt out in 2001—by virtue of the so-called *"American Pipe* rule." *See Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). We disagree.

The Florida legislature has enumerated eight scenarios in which the applicable statute of limitations is tolled, and a pending class action is not one of them. Fla. Stat. § 95.051(1). The statute itself makes clear that *"[n]o disability or other reason* shall toll the running of any statute of limitations *except those specified in this section* [or in certain other sections not relevant here]." Fla. Stat. § 95.051(2) (emphasis added). Also, the Florida Supreme Court has plainly stated this list represents the "exclusive list of conditions that can 'toll' the running of the statute of limitations." *Major League Baseball v. Morsani,* 790 So.2d 1071, 1075 (Fla.2001) (*MLB*); *see also HCA Health Servs. of Fla., Inc. v. Hillman,* 906 So.2d 1094, 1100 (Fla.Dist.Ct.App.2004) ("Implicit in the court's holding [in *MLB*] is the conclusion that in order for a doctrine to 'toll' the statute of limitations, it must be included in the exclusive list of conditions set forth in section 95.051(1).").

The cases cited by Appellant, *see, e.g., Latman v. Costa Cruise Lines, N.V.,* 758 So.2d 699, 704 (Fla.Dist.Ct.App.2000) (contractual limitations); *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1336–37 (11th Cir.1984) (same); *Okeelanta Corp. v. Bygrave,* 660 So.2d 743, 750–51 (Fla.Dist. Ct.App.1995) (relation back), do not support its contention that Florida courts would contravene the straightforward statutory language. *See Fed. Ins. Co. v. Sw. Fla. Ret. Ctr., Inc.,* 707 So.2d 1119, 1122 (Fla.1998) ("[W]hen construing statutes of limitations, courts generally will not write in exceptions when the legislature has not."). Finding a discernable path on this issue, Appellant's request for certification to the Supreme Court of Florida is denied. *See Dial A Car, Inc. v. Transportation, Inc.,* 132 F.3d 743, 746 (D.C.Cir.1998); *Tidler v. Eli Lilly & Co.,* 851 F.2d 418, 425–27 (D.C.Cir.1988).

■ Second, Appellant argues Appellees were equitably estopped from raising a statute of limitations defense because they fraudulently concealed the price fixing conspiracy. In contrast to tolling, equitable estoppel under Florida law does not suspend the running of the statute, but instead bars a defendant from raising a statute of limitations defense when the defendant's wrongful conduct "has induced another into forbearing suit within the applicable limitations period." *MLB,* 790 So.2d at 1079. Whatever role "fraudulent concealment" plays in Florida equitable estoppel doctrine, *see Fla. Dep't of Health & Rehabilitative Servs. v. S.A.P.,* 835 So.2d 1091 (Fla.2002); *Ryan v. Lobo De Gonzalez,* 841 So.2d 510, 518–20 (Fla.Dist.Ct. App.), *review granted,* 854 So.2d 660 (Fla. 2003), *and review dismissed,* 921 So.2d 572 (Fla.2005); *id.* at 523–26 (Gross, J., concurring specially); *Ryan,* 921 So.2d at 572–78 (Fla.2005) (Cantero, J., dissenting), it offers Appellant no succor here.

---

1. Only the claims brought under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.,* are at issue in this appeal.

Appellant admits, as it must, to being aware of the basis for a price fixing suit by, at the latest, December 6, 2001—the date on which Appellant filed its request to opt out of the preliminarily-approved *Garofolo* class settlement. The settlement was ultimately approved on May 24, 2002, and an ill-fated attempt by Appellant to rejoin the class was rejected on June 19, 2002. Appellant, in full knowledge of the basis for a cause of action, had ample time to file its claim before the statutory limitation period ended in March 2003. *See* 51 Am.Jur.2d *Limitation of Actions* § 385 ("[I]f the agreement, promise, representation, or conduct that a plaintiff relies on to estop the defendant from asserting the statute of limitations ceases to be operational prior to the termination of the statutory period, and the plaintiff has sufficient time to commence the action prior to expiration of the period, estoppel does not apply."). In other words, Appellees' actions clearly did not induce Appellant's failure to file before the statutory bar dropped.[2] Accordingly, without endorsing the district court's reasoning—which relied on Appellant having "inquiry notice"—we are persuaded equitable estoppel is unavailable to Appellant in this case.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

2. Appellant does not, and could not, maintain that under Florida law the accrual of its cause of action was subject to the "delayed discovery doctrine"—under which the statutory period begins to run only upon a plaintiff's actual or constructive knowledge—as that rule only applies in limited circumstances. *See* Fla. Stat. §§ 95.031, 95.11; *Davis v. Monahan,* 832 So.2d 708, 709–12 (Fla.2002); *Ryan,* 841 So.2d at 516–18; *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip., Co.,* 793 So.2d 1127, 1128 (Fla.Dist.Ct.App.2001).