573 So.2d 1049 (1991)
Sofia GLANTZIS and Phillip Glantzis, Her Husband, Appellants,
v.
STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellee.
No. 90-0389.
District Court of Appeal of Florida, Fourth District.
February 6, 1991.
*1050 George P. Telepas, P.A., and Marc Cooper and Sharon L. Wolfe of Cooper, Wolfe & Bolotin, P.A., Miami, for appellants.
Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellants, Sofia Glantzis and Phillip Glantzis, insureds under an automobile liability policy with State Automobile Mutual Insurance Company (State Auto), appeal from a final judgment holding that their action for uninsured motorist benefits was barred by the statute of limitations.
On April 2, 1984, while insured by State Auto, Sofia Glantzis was involved in an automobile accident with an uninsured motorist. On August 30, 1988, some seven months prior to the expiration of the five-year statute of limitations, appellants demanded that State Auto arbitrate their claim pursuant to the arbitration provisions of their policy. By letter, dated September 12, 1988, State Auto agreed and the parties thereafter proceeded with preparation to arbitrate the matter. The parties had each chosen an arbitrator and they eventually agreed upon a neutral arbitrator on April 26, 1989. However, on that same date, State Auto notified Glantzis that the five-year statute of limitations had run and they denied the claim and refused to proceed further. Thereupon, on May 1, 1989, appellants filed a petition to compel arbitration. From an order denying said petition on the ground that the statute of limitations had expired appellants perfected this appeal.
Appellants contend that the statute of limitations was tolled pursuant to section 95.051(1)(g), Florida Statutes (Supp. 1986), when State Auto agreed to enter into arbitration proceedings. Furthermore, even if the statute had not been tolled, appellants alternatively argue that the statute of limitations is not a bar to the proceeding because State Auto is equitably estopped to rely on its provisions due to its conduct in agreeing to arbitrate the claim during a period when appellants had the option to arbitrate or litigate.
State Auto contends that the claim is barred by the five-year statute of limitations provided in section 95.11(2)(b), Florida Statutes (1983), and that the tolling statute, section 95.051(1)(g), Florida Statutes (Supp. 1986), is not applicable because the accident happened and the cause of action arose prior to passage of the tolling statute and it cannot be applied retroactively. Furthermore, State Auto argues that equitable estoppel does not apply because it never made any representations to appellants that they need not observe the statute of limitations and there was no affirmative deception on its part.
Our consideration of the briefs and record convinces us that, indeed, the statute of limitations was tolled by the agreement to arbitrate. Even were that not true, we believe the evidence is such that the doctrine of equitable estoppel applies preventing State Auto from resorting to the statute of limitations as a defense.
Appellants' claim for injuries arising out of the automobile accident of April 2, 1984, was subject to the five-year statute of limitations set forth in 95.11(2)(b). However, the legislature passed section 95.051(1)(g) in 1986, which provides that the running of the time under any statute of limitations [except specific statutes not relevant here] is tolled by the pendency of any arbitrable proceeding pertaining to a dispute that is the subject of the action. We reject State Auto's contention that the tolling *1051 statute is inapplicable because it was enacted after the date of the accident and is not retroactive. We hold it is applicable because it is a procedural statute, in existence at the time State Auto agreed to arbitrate this case. Thus, the operative event is not the date of the accident but the agreement to arbitrate. We analogize the situation to our recent case of Hemmerle v. Bramalea, Inc., 547 So.2d 203 (Fla. 4th DCA 1989), involving the application of section 45.061, Florida Statutes (1987). We there held that the operative event triggering the statute was the offer of judgment, not the accrual of the cause of action, nor the commencement of the litigation. Likewise here, the triggering event is not the accrual of the cause of action nor the commencement of suit but the demand for arbitration.
State Farm v. Kilbreath, 419 So.2d 632 (Fla. 1982), relied on by State Auto, is also not controlling here. It decided that the statute of limitations on an insured's claim for uninsured motorist benefits begins to run on the date of the accident. However, that is not the issue in this case. Appellants do not contest that the statute of limitations began to run on the date of the accident. They simply contend that, having begun to run, the statute of limitations was tolled by the agreement to arbitrate, which occurred prior to expiration of the limitations period. Furthermore, section 95.051(1)(g) was passed several years after the decision in Kilbreath.
As indicated above, we also hold that State Auto was equitably estopped from relying upon the statute of limitations because of its conduct. On September 12, 1988, State Auto accepted in writing appellant's demand for arbitration and the parties proceeded to pick arbitrators. Before the matter was heard by the arbitrators, five years passed from the date of the accident. State Auto then notified appellants "the deal was off." We find it difficult to envision a more unfair position for a party to assume. When appellants demanded arbitration, they also had the option to file suit. However, when State Auto accepted the demand to arbitrate and proceeded along those lines, the necessity for appellants to file suit was obviated. Having lulled appellants into this false sense of security, no fairminded person could condone abandoning the arbitration and invoking the statute of limitations. That would seem to be "gotcha" practice at its best. Salcedo v. Association Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979).
We find a similar situation rejected by the Supreme Court of Oklahoma in Empire Gas & Fuel Co. v. Lindersmith, 131 Okla. 183, 268 P. 218 (1928), wherein the court faced the precise circumstances which this court faces here. It applied the same principles this court set out in North v. Culmer, 193 So.2d 701 (Fla. 4th DCA 1967), and concluded that the defendant could not agree to arbitrate the claim and then, after the statute had run, renege on the prior representation and assert the statute of limitations defense. The Oklahoma court found the defendant was estopped to rely on the defense, stating:
Where the defendants induced the plaintiff to refrain from bringing a suit by an agreement to arbitrate or settle the damages without suit, and the damaged party relies on said agreement until after his action is barred by the statute of limitations, the defendant will be estopped from asserting the statute of limitations as a defense to said action.
268 P. at 218.
In view of the foregoing, we reverse the judgment appealed from and remand the cause for further proceedings consistent herewith.
HERSEY, C.J., and FRANK, RICHARD H., Associate Judge, concur.