PER CURIAM.
Appellant, Union General Insurance Company (Union General), appeals a final summary judgment and an order granting attorney’s fees. We reverse and remand.
Union General issued an automobile insurance policy to Caridad Lorenzo. Cari-dad Lorenzo did not list her son, appellee Abel Lorenzo (Lorenzo), on Union General’s policy. Subsequently, Lorenzo had an automobile accident and filed a claim against Union General for personal injury protection (PIP) benefits.
Union General denied Lorenzo’s claim because he was not a listed operator who lived in Caridad Lorenzo’s household. Lorenzo then sued Union General, alleging two counts: (1) a declaration of Lorenzo’s rights under the insurance contract; and (2) breach of contract in Union General’s failure to pay PIP benefits to Lorenzo.
After this suit was filed, a third party claimed damages against Caridad and Abel Lorenzo as a result of the accident. Union General defended the third party lawsuit under a full reservation of rights.
Lorenzo then filed a motion for summary judgment in his action against Union General, arguing that by denying PIP coverage, Union General had failed to comply with section 627.426, Florida Statutes (1991). The trial court granted the motion, stating:
This Court finds that as a matter of law, the defendant has failed to comply with the procedure set forth pursuant to Fla. Stat. 627.426, and is thus precluded from denying coverage to the plaintiff under the policy at issue in this case.
The trial court awarded Lorenzo a total of $51,000 in attorney’s fees, expert witness fee, and costs.
*162 On appeal, Union General asserts that because section 627.426, Florida Statutes (1991), only applies to liability insurers, the statute does not apply to its denial of Lorenzo’s first party PIP claim.
Lorenzo concedes that the statute does not directly apply to first party PIP coverage. Nonetheless, Lorenzo contends that because Florida law provides that an automobile liability policy may not be sold without PIP coverage, any defenses to coverage barred under the liability policy are also barred under the PIP coverage. We disagree.
Section 627.426(2), Florida Statutes (1991), states:
(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless....
The clear language of this statute indicates that it only applies to “liability insurers.” The statute does not address first party PIP claims. Therefore, Union General’s alleged non-compliance with section 627.426(2) has no bearing on the first party PIP claim asserted by Lorenzo.
Accordingly, we reverse the trial court’s summary judgment, award of attorney’s fees, expert witness fee, and costs, and remand for further proceedings.
Reversed and remanded.