ON MOTION FOR REHEARING

THOMPSON, Judge.
We grant the appellant’s and appellees’ motions for rehearing, withdraw our opinion in this ease filed February 14, 1997, and substitute therefor the following:
Sternberg, the insured, was- in a car accident and applied to her insurer, State Farm, for UM benefits. State Farm denied benefits because Sternberg did not, as required in the policy, report the accident to police within 24 hours or to State Farm within 30 days. Sternberg contended that, notwithstanding her failure to report, she was entitled to coverage because State Farm did not comply with the claims administration statute which requires the insurer to notify the insured of a “coverage defense” within certain time limits. State Farm contended that the claims administration statute applies tq liability insurance, but not to UM insurance. The trial court denied State Farm’s motion for summary judgment based on its decision that the claims administration statute applies to a UM insurance provider, and eventually entered final judgment in Sternberg’s favor.
We hold that section 627.426, Florida Statutes, does not apply to cases in which an insured is making a claim for uninsured motorists benefits. By its terms the statute applies to cases involving liability insurance:
627.426. Claims administration
i «1» *1* $
(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and
(b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:
1. Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured;
2. Obtains from the insured a nonwaiver agreement following full disclosure of the specific facts and policy provisions upon which the coverage defense is assert *346 ed and the duties, obligations, and liabilities of the insurer during and following the pendency of the subject litigation; or
8. Retains independent counsel which is mutually agreeable to the parties. Reasonable fees for the counsel may be agreed upon between the parties or, if no agreement is reached, shall be set by the court.
See Union General Ins. Co. v. Lorenzo, 598 So.2d 161, 162 (Fla. 3d DCA 1992) (“The clear language of this statute indicates that it only applies to ‘liability insurers’.”).
The final judgment in favor of Sternberg is REVERSED.
HARRIS and ANTOON, JJ., concur.