GROSS, J.
Appellants Paula and Alexander Schultz appeal a summary final judgment entered in favor of Arnica Mutual Insurance Company on the ground that their uninsured motorist claim was barred by the statute of limitations. We affirm.
On December 1, 1984, Paula Schultz was involved in an automobile accident. At the time, she was living with her brother, Alexander Schultz, who maintained an automobile policy with Arnica.
Over thirteen years later, on March 16, 1998, Paula and Alexander Schultz filed a complaint against Arnica. Their amended complaint, seeking uninsured motorist benefits, was filed on July 11, 1998. The trial court granted Arnica’s motion for summary judgment based on the running of the five year statute of limitations. See § 95.11(2)(b), Fla.Stat. (2000); Bolin v. Mass. Bay Ins. Co., 518 So.2d 398, 395 (Fla. 2d DCA 1987) (noting “despite the fact that an uninsured motorist stands in a tort relationship to the company, the action arises out of an insurance contract between the parties. Therefore ... the five-year limitation period specified by section 95.11(2)(b) [applies]”); Mendlein v. United States Fid. & Guar. Co., 277 So.2d 538, 539 (Fla. 3d DCA 1973).
The Schultzes first argue that Arni-ca is precluded from raising the statute of limitations defense by section 627.426(2)(a), Florida Statutes (2000), which provides:
(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery....
There is no dispute that Arnica failed to comply with section 627.426. However, we agree with Arnica that the section does not apply, since the affirmative defense of statute of limitations is not a “coverage defense” within the meaning of the statute. The application of the statute of limitations has nothing to do with the existence of coverage; the affirmative defense would apply regardless of whether an insurance policy covered the claim.
It makes no sense to read section 627.426(2)(a) to apply to such an affirmative defense, since an insured is in as good a position as the insurer to know when the statute of limitations will run. On the other hand, only an insurer knows if it intends to raise a coverage defense, such as the failure to qualify as an insured under a policy, so the statute’s notice requirement encourages early resolution of a coverage issue by penalizing an insurer who fails to give written notice within 30 days after it “knew or should have known of the coverage defense.”[1]
We reject the Schultzes’ claim that Arnica made “new enforceable agreements to process” the uninsured motorist claim based on correspondence from 1988 through 1990.
The record establishes that on November 25, 1988, Mr. Schultz wrote to Arnica informing it that his sister was proceeding with her UM claim. On December 27, 1988, Arnica responded, indicating that it had added a UM claim to the file. On January 19, 1989, Arnica wrote to Mr. Schultz saying they had reviewed the file “concerning the Uninsured Motorist claim.” Wanting to discuss the matter, Arnica requested a current phone number. *404 Over a month later, on February 24, 1989, Arnica again wrote to Mr. Schultz requesting that he contact Arnica to “discuss this claim in greater detail.” Arnica again requested a current phone number.
Prior to the expiration of the statute of limitations at the end of 1989, nothing supports the Schultzes’ contention that Arnica agreed in writing to process the UM claim “along with and in the manner it was processing” the PIP claim.
After the statute of limitations had run, on October 22, 1990, Arnica sent a form letter regarding the “Claims Settlement Day.” On November 8, 1990, Mr. Schultz sent a letter to Arnica authorizing them to take photos of Paula in connection with her UM claim. The same day, Mr. Schultz sent a letter confirming his attendance at the settlement day. Several days later, on November 26, 1990, Arnica sent a confirmation letter to Mr. Schultz regarding the settlement day. Two form letters from Arnica made no mention of the UM claim. A PIP claim was pending at the time. The record does not support the Schultzes’ assertion that Arnica agreed in writing to process the UM claim “through its formal alternative dispute resolution program.”
Finally, the doctrines of waiver and estoppel do not prevent Arnica from raising a statute of limitations defense. Unlike Glantzis v. State Automobile Mutual Insurance Co., 573 So.2d 1049, 1051 (Fla. 4th DCA 1991), this was not a case where the insurance company accepted in writing a demand for arbitration and proceeded to pick arbitrators, only to abandon the arbitration and invoke the statute of limitations after lulling the claimants into a “false sense of security.” Nor was this a case exhibiting that type of “fraud, misrepresentation, or other affirmative deception” to support an equitable estoppel under Rinker Materials Corp. v. Palmer First National Bank & Trust Co. of Sarasota, 361 So.2d 156, 159 (Fla.1978).[2] See City of Brooksville v. Hernando County, 424 So.2d 846, 848 (Fla. 5th DCA 1982) (observing that “[w]hile continuing negotiations regarding settlement do not ‘toll’ the running of a statute of limitations, such negotiations, if infected with an element of deception, may create an estoppel”).
We have considered the remaining points raised by the Schultzes and find them to be insufficient to warrant reversal.
STEVENSON, J., and LABARGA, JORGE, Associate Judge, concur.

. Having decided this case based on our construction of the term “coverage defense” in section 627.426(2), Florida Statutes (2000), we do not reach the issue of whether Arnica was a “liability insurer” within the meaning of the statute. See State Farm Mut. Auto. Ins. Co. v. Sternberg, 699 So.2d 345 (Fla. 5th DCA 1997).

. The Schultzes rely on North v. Calmer, 193 So.2d 701, 704 (Fla. 4th DCA 1967), for the proposition that "actual fraud in the technical sense, bad faith, or an intent to mislead or deceive is not essential to create” an estoppel to the application of the statute of limitations. However, this aspect of North was overruled in Rinker Materials Corp. v. Palmer First National Bank & Trust Co. of Sarasota, 361 So.2d 156, 158 (Fla.1978), where the supreme court stated that the “overwhelming weight of authority in Florida” was to the contrary.