[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15222
Non-Argument Calendar

_____

D. C. Docket No. 04-80512-CV-KLR

ORRIS LURRY,

Plaintiff-Appellant,

versus

TRANSCOR AMERICA, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 6, 2005)

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Orris Lurry ("Lurry") appeals the district court's grant of summary judgment

in favor of Transcor America, LLC, ("Transcor") in this negligence action arising from an incident that occurred on February 3, 2000. The district court determined that Transcor should not be equitably estopped from arguing that the statute of limitations on Lurry's negligence claim expired before Lurry filed suit. We agree and therefore affirm.

## BACKGROUND

Transcor is a limited liability company in the business of transporting prisoners. Lurry is a resident of Palm Beach County, Florida, and was incarcerated at the time of the events that gave rise to this lawsuit. On February 3, 2000, Transcor was transporting Lurry in Palm Beach County, Florida. A Transcor employee was driving the vehicle at the time, and Lurry sat, handcuffed, in the rear seat of the vehicle. Lurry was not wearing a seatbelt. During the transport, the driver abruptly stopped the vehicle. Unable to brace himself, Lurry lurched forward, hitting either the gate or the front seats of the vehicle. The collision allegedly caused or aggravated injuries to Lurry's body and head.

Lurry filed this negligence action in state court on May 4, 2004, and Transcor later removed the case pursuant to 28 U.S.C. § 1441. Florida law establishes a four-year statute of limitations for negligence actions. *See* Fl. Stat. § 95.11 (3)(a). It is undisputed that Lurry filed his complaint after the expiration of

2

the statute of limitations, which occurred on February 3, 2004.

Transcor moved to dismiss Lurry's complaint with prejudice on statute of limitations grounds. Lurry responded that Transcor should be equitably estopped from asserting the statute of limitations defense on the theory that Transcor led him to believe that it would settle the lawsuit, thereby causing him to delay filing beyond the expiration of the statute of limitations.

In support of his equitable estoppel theory, Lurry argued that Danielle Smith, a claims adjustor for Transcor's insurance company, and Susan Harwood, counsel for Transcor, led Lurry's attorneys, J. Freddy Rhoads and Bonnie Willis, to believe that Transcor intended to settle his claim, thereby causing him to wait to file suit until after the statute of limitations expired. Lurry submitted two affidavits from Rhoads and one affidavit from Willis in support of this theory. In response, Transcor submitted affidavits from Smith and Harwood. Transcor moved to strike Rhoads' second affidavit and portions of Willis' affidavit.

In his first affidavit, Rhoads claimed that during a telephone conversation with Smith that occurred before the February 3, 2004, deadline, Smith told him not to file suit at that time in order to enable the parties to settle the claim. However, after the district court converted Transcor's motion to dismiss to a motion for summary judgment, Lurry submitted an additional affidavit from Rhoads and an

3

affidavit from Willis. In Rhoads' new affidavit, Rhoads claimed that Smith told him on February 2, 2004–the day before the statute of limitations was to expire–not to file suit so that the parties could settle the claim. The remaining paragraphs of Rhoads' second affidavit were identical to those in his first affidavit. Willis admits in her affidavit that she never spoke with Smith or Harwood before the day the lawsuit was filed and that her delay in filing suit was based on information she received from Rhoads–not Smith or Harwood.

The district court entered summary judgment in favor of Transcor on statute of limitations grounds. In addition, the court ordered that Rhoads' second affidavit be stricken from the record for inconsistency and redundancy. Finally, the court ordered that certain paragraphs of Willis' affidavit be stricken from the record because she made the statements without personal knowledge. Lurry now appeals the district court's final order.

**STANDARD OF REVIEW**

We review a district court's grant of summary judgment *de novo*, "viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262 (11th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

4

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## DISCUSSION

The issue on appeal is whether the district court erred when it granted summary judgment in favor of Transcor after determining that Transcor should not be equitably estopped from arguing that the statute of limitations on Lurry's negligence claim expired before Lurry filed suit.[1]

To prove equitable estoppel, as it relates to the party to be estopped, Lurry must establish the following elements: "'(1) conduct which amounts to a false representation or concealment of material facts . . . ; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party . . . ; and (3) knowledge, actual or constructive, of the real facts.'" *Rinker Materials Corp. v. Palmer First Nat'l Bank & Trust Co. of Sarasota*, 361 So.2d 156, 157

---

[1]On appeal, Transcor briefed two additional issues: (1) whether the district court properly struck Rhoads' second affidavit, and (2) whether the district court properly ignored Lurry's request for "additional discovery." Lurry did not present or brief either of these two issues.

"[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed. The Federal Rules of Appellate Procedure plainly require that an appellant's brief 'contain, under appropriate headings and in the order indicated . . . a statement of the issues presented for review.'" *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (citing Fed.R.App.P. 28 (a)(5)). "If an argument is not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper. . . ." *Id.*

Lurry's appellate brief does not set forth or brief the other two issues. As such, we deem the two issues abandoned and do not address their merits.

(Fla. 1978) (quoting 28 Am. Jur. 2d, Estoppel and Waiver, Section 35). Lurry must also establish the following additional elements, which relate to the party claiming estoppel: "'(1) lack of knowledge and of the means of knowledge of the truth . . . ; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.'" *Id*. Moreoever, "a party may successfully maintain a suit under the theory of equitable estoppel only where there is proof of fraud, misrepresentation, or other affirmative deception." *Id*. at 159.

In this case, the district court correctly concluded that no genuine issue of material fact remained as to whether Transcor should be equitably estopped from presenting the statute of limitations defense, as there was no evidence of "fraud, misrepresentation, or other affirmative deception." *Id*. Lurry did not point to any conduct on the part of Transcor that constitutes false representation or concealment of facts. In addition, Lurry failed to present any evidence that would contradict the statements of Smith and Harwood that they did not know the statute of limitations had expired until May. Moreover, neither Rhoads nor Willis alleged that they lacked knowledge of the four-year statute of limitations or that they lacked the means of ascertaining such knowledge. Likewise, neither Rhoads or Willis alleged

6

that their delay in filing suit was in direct reliance on any alleged statements by Smith or Harwood. Thus, the district court properly granted summary judgment in favor of Transcor.

## CONCLUSION

Upon review of the record, and upon consideration of the parties' briefs, we find no reversible error. For the above stated reasons, we affirm the district court's grant of summary judgment in favor of Transcor.

**AFFIRMED.**