984 So.2d 664 (2008)
Christopher FOX, Appellant,
v.
CITY OF POMPANO BEACH, a municipal corporation, Appellee.
No. 4D07-892.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
*666 Diane H. Tutt of Diane H. Tutt, P.A., Davie, and Robert J. Slotkin of the Law Offices of Robert J. Slotkin, Fort Lauderdale, for appellant.
Nancy A. Copperthwaite, Jenna Rinehart Rassif and Alex Londono of Akerman Senterfitt, Miami, for appellee.

ON MOTION FOR REHEARING
STEVENSON, J.
We grant, in part, appellee's motion for rehearing, withdraw our previous opinion and substitute the following in its stead. This is an appeal by Christopher Fox from an adverse summary judgment on his Florida Whistle-blower's Act claim against the City of Pompano Beach. The trial court entered final summary judgment in favor of the City on statute of limitations grounds. Because we find that a genuine issue of material fact exists regarding when the City terminated Fox's employment, we reverse. In addition, we reverse the trial court's order striking Fox's request for a jury trial.
Florida's public sector Whistle-blower's Act provides that "[a]n agency or independent contractor shall not dismiss, discipline, or take any other adverse personnel action against an employee for disclosing information pursuant to the provisions of this section." § 112.3187(4)(a), Fla. Stat. (2003). If the local governmental authority has not established an administrative appeal procedure for handling Whistle-blower complaints, an employee has "180 days after the action prohibited by this section" within which to file a civil action. § 112.3187(8)(b), Fla. Stat.; Bridges v. City of Boynton Beach, 927 So.2d 1061 (Fla. 4th DCA 2006). An "adverse personnel action" is defined by the Act as:
the discharge, suspension, transfer, or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee within the terms and conditions of employment by an agency or independent contractor.
§ 112.3187(3)(c), Fla. Stat.
The facts pertinent to this appeal may be briefly summarized. The City employed Fox as a Utilities Maintenance Supervisor at its water treatment plant. In August of 2002, Fox contacted the Florida Department of Health to report the City's plan to use recycled water for irrigation in a manner that Fox believed was inconsistent with health ordinances in effect at that time. On September 10, 2002, the City demoted Fox, effective October 7, 2002. On September 27, 2002, Fox sent a letter to a City Commissioner detailing alleged conditions at the treatment plant that Fox believed were illegal and an endangerment to public health. Thereafter, the City discharged Fox, effective November 12, 2002. Fox appealed his discharge to the City's Employees' Board of Appeals. While his appeal was pending, on December 12, 2002, Fox's attorney sent a letter to the assistant city attorney inquiring whether the City had an administrative procedure for handling Whistle-blower complaints so that Fox could conform to the procedures outlined in the Whistle-blower's Act within the applicable time periods.[1] More than three months later, *667 by letter dated March 20, 2003, the City responded that the Employees' Board of Appeals was not a Whistle-blower's Act administrative procedure and "should Fox withdraw his appeal from Board review, his termination will be considered final by the City." On March 25, 2003, Fox withdrew his appeal that was pending before the Employees' Board of Appeals. On June 12, 2003, Fox filed this Florida Whistle-blower action in circuit court. The City moved for summary judgment on statute of limitations grounds, arguing that Fox's limitation period expired on May 11, 2003, 180 days after the November 12, 2002 termination date. The court agreed and granted summary judgment in favor of the City.
We reverse and hold that Fox is entitled to argue to the fact-finder that an adverse personnel action pursuant to the Florida Whistle-blower's Act took place on March 25, 2003, and that the 180-day limitations period began to run from that date. Pursuant to Fox's amended complaint, he suffered an adverse personnel action on March 25, 2003, when he withdrew his direct appeal from the Employees' Board of Appeals in reliance upon the City's advisement that the withdrawal of his appeal would render his termination "final."[2] To the extent that the City disputes that matter, a genuine issue of material fact exists that should be resolved by the finder of fact, not on summary judgment. See Patten v. Winderman, 965 So.2d 1222, 1224 (Fla. 4th DCA 2007) ("`If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.'") (quoting Moore v. Morris, 475 So.2d 666, 668 (Fla.1985)). Further, we reverse the trial court's summary rejection of Fox's claim that the City, by its March 20, 2003 letter, waived the statute of limitations. See Major League Baseball v. Morsani, 790 So.2d 1071, 1077 n. 12 (Fla. 2001) ("The statute of limitations can be waived.").
We affirm the trial court's rejection of Fox's equitable estoppel claim. Equitable estoppel can be raised to bar a defendant from unfairly claiming the benefit of the statute of limitations where a plaintiff can show that the defendant willfully induced the plaintiff to forego suit until after the limitations period has ended. See Morsani, 790 So.2d at 1076 (quoting State ex rel. Watson v. Gray, 48 So.2d 84, 87-88 (Fla.1950)). We acknowledge the City's assertion that a showing of misconduct is essential to Fox's equitable estoppel claim. As our supreme court explained in Morsani, "[e]quitable estoppel is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position." Id. at 1076. "Equitable estoppel presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct." Id. at 1077.
*668 In asserting his equitable estoppel claim, Fox argues that his delay in filing was a result of the City's three-month delay in responding to his inquiry concerning whether the Employees' Board of Appeals was a Whistle-blower's Act administrative procedure. He further argues that he detrimentally relied on the City's letter, which he interpreted to mean that Fox's termination was not yet final while Fox's appeal was pending before the Employees' Board of Appeals. The case law makes clear that an equitable estoppel claim raised in response to a statute of limitations defense must allege that the defendant acted with an intent to mislead or deceive the plaintiff into filing late, and that the plaintiff's failure to timely file is directly attributable to the defendant's misconduct. See Schultz v. Amica Mut. Ins. Co., 778 So.2d 402, 404 (Fla. 4th DCA 2001) (citing Glantzis v. State Auto. Mut. Ins. Co., 573 So.2d 1049, 1051 (Fla. 4th DCA 1991), and Rinker Materials Corp. v. Palmer First Nat'l Bank & Trust Co. of Sarasota, 361 So.2d 156, 159 (Fla.1978)). We find that such allegations are not present here.
We further hold that a Whistle-blower's Act plaintiff is entitled to a jury trial so long as the plaintiff requests the legal relief provided for under the Act. The right to a trial by jury is a fundamental right under both the United States and Florida constitutions. See, e.g., Blair v. State, 698 So.2d 1210, 1212-13 (Fla.1997). Questions regarding the right to a jury trial should be resolved in favor of the right to a jury trial, except where a remedy is wholly equitable in nature. See Hansard Constr. Corp. v. Rite Aid of Fla., Inc., 783 So.2d 307, 308 (Fla. 4th DCA 2001). In Rite Aid, this Court considered whether the right to a jury trial attached in an action brought pursuant to the Uniform Fraudulent Transfer Act, which contained a catch-all relief provision allowing for "`[a]ny other relief the circumstances may require.'" Id. (quoting § 726.108(1)(c)3., Fla. Stat.). We concluded that the catch-all relief provision permitted the recovery of money damages, a legal rather than equitable remedy, and thus, as the plaintiffs had requested "any relief available," the right to a jury trial attached. Id. at 308-09. By comparison, section 112.3187(9)(c) of the Whistle-blower's Act permits a plaintiff to recover "[c]ompensation, if appropriate, for lost wages, benefits, or other lost remuneration caused by the adverse action." Unquestionably, this compensatory remedy consists of money damages, which are legal rather than equitable in nature. In his amended complaint, Fox requested "[s]uch other relief as is permitted by statute." Hence, Fox is entitled to a jury trial because his prayer for relief encompassed the remunerative relief afforded by the legislature pursuant to the Whistle-blower's Act.
Reversed and Remanded.
FARMER and TAYLOR, JJ., concur.
NOTES
[1] Section 112.3187(8)(b), Florida Statutes, provides:

Within 60 days after the action prohibited by this section, any local public employee protected by this section may file a complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints. . . . Within 180 days after entry of a final decision by the local governmental authority, the public employee who filed the complaint may bring a civil action in any court of competent jurisdiction. If the local governmental authority has not established an administrative procedure by ordinance or contract, a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction.
[2] We acknowledge that Fox stipulated for trial purposes that the effective date of his termination was November 12, 2002. Under the facts presented, and upon review of his amended complaint, we find that such stipulation does not preclude Fox from arguing, in opposition to the City's statute of limitations defense, that his final termination date was March 25, 2003.