Carmen **LOPEZ, individually and as husband and wife, and Nelson Lopez, individually and as husband and wife,** Plaintiffs,

v.

**GEICO CASUALTY COMPANY,** Defendant.

Case No. 13–80650–CIV.

United States District Court, S.D. Florida.

Sept. 5, 2013.

David Knight, Steinger, Iscoe & Greene, P.A., West Palm Beach, FL, for Plaintiffs.

Francis Augustine Zacherl, III, Ellen Novoseletsky, Shutts & Bowen LLP, Miami, FL, for Defendant.

### ORDER GRANTING MOTION TO DISMISS

KENNETH L. RYSKAMP, District Judge.

THIS CAUSE comes before the Court pursuant to Defendant Geico Casualty Company's ("Geico") motion to dismiss, filed July 10, 2013 [**DE 4**]. Plaintiff Carmen Lopez ("Lopez") responded on July 29, 2013 [**DE 7**].[1] Geico replied August 9, 2013 [**DE 11**]. This motion is ripe for adjudication.

### I. BACKGROUND

This action relates to an April 13, 2004 car accident that occurred in Palm Beach County. On that date, Arumadura de Zoysa ("de Zoysa") negligently operated a motor vehicle such that he caused his vehicle to come into contact with Lopez's vehicle. At the time of the accident, Lopez had in effect an underinsured motorist policy through Geico. The policy provided for a total limit of underinsured motorist coverage in the amount of $30,000.00. de Zoysa

was an uninsured motorist as defined by the policy.

Prior to January 13, 2005, Lopez demanded settlement of the underinsured motorist claim for $30,000.00. On January 13, 2005, Geico rejected that demand and offered Lopez $10,000.00 to resolve the claim. On January 25, 2004, Lopez again demanded $30,000.00 to resolve the claim. On February 10, 2005, Lopez filed a Civil Remedy Notice ("CRN") pursuant to Fl. Stat. § 624.155. On July 11, 2005, Geico offered $15,000.00 in settlement of the claim.

Lopez filed suit in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, on June 28, 2005, asserting claims of negligence and loss of consortium against de Zoysa and counts for underinsured motorist benefits and loss of consortium against Geico. On February 5, 2008, a stipulated final judgment was entered in Lopez's favor against de Zoysa. On April 4, 2008, a jury returned a verdict in favor of Lopez in the amount of $332,175.96. Final judgment was entered against Geico on May 29, 2008. The final judgment set the total amount of damages at the amount of $284,191.72 and ordered that Lopez would recover $30,000.00 in damages and $33,990.61 in costs.[2]

On April 16, 2008, Geico moved for a new trial. Geico's motion for new trial was denied on June 4, 2008.

On August 4, 2008, Lopez moved to amend her complaint to add a count for insurer bad faith. The motion to amend was granted on October 22, 2008.

On October 22, 2012, Geico moved to supplement its affirmative defenses to in-

---

1. The style of this action lists both Carmen and Nelson Lopez as plaintiffs. This designation appears to be in error, however, as all of the allegations in the complaint pertain to Carmen Lopez.

2. The parties agreed that $47,984.24 would be setoff from the total amount of damages provided for in the verdict.

clude, *inter alia,* a defense based on lack of jurisdiction to entertain Lopez's bad faith claim—or any other claim. The motion was granted on November 7, 2012.

Geico moved for judgment on the pleadings on January 3, 2013. On April 26, 2013, the state court ruled that it lacked jurisdiction to consider Lopez's bad faith claim because it lost subject matter jurisdiction over the matter upon entry of the final judgment and the denial of the motion for new trial.

Lopez filed the underlying common law and statutory bad faith action in Palm Beach County Circuit Court on May 10, 2013, alleging that Geico failed to settle her claim for policy limits when it could and should have done so, failed to employ fair settlement practices, failed to use ordinary care and diligence in the handling of her claim and failed to exercise the utmost good faith in the resolution of her claim. Geico removed this action to this court on June 28, 2013 pursuant to 28 U.S.C. §§ 1441(a) and 1446. Geico now moves to dismiss this action with prejudice, arguing both expiration of the statute of limitations and the presence of a defect in the CRN.

## II. *LEGAL STANDARD*

On a motion to dismiss, while the Court takes the plaintiff's allegations as true, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir.2003) (citing *South Florida Water Mgm't Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996)). Plaintiff's obligation to provide the grounds for his entitlement to relief requires more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)). "The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Davis v. Coca–Cola Bottling Co.,* 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955) and finding allegations insufficient to meet *Twombly* standard. A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 545, 127 S.Ct. 1955. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft,* 129 S.Ct. at 1950. A determination of whether a complaint states a plausible claim for relief requires the reviewing court "to draw on its judicial experience and common sense." *Id.* When a plaintiff fails to plead factual content permitting the court to infer more than the mere possibility of misconduct, it has not "shown" entitlement to relief. *Id.* (quoting Fed.R.Civ.P. 8(a)(2)).

## III. *DISCUSSION*

**A. No cause of action for common law bad faith for failure to settle a claim for first party benefits exists.**

Lopez brings her bad faith action pursuant to both Florida statutory and common law. Fl. Stat. § 624.155 provides that

[a]ny person may bring a civil action against an insurer when such person is damaged ... [b]y the commission of any of the following acts by the insurer: ... Not attempting in good faith to settle claims when, under the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his or her interests.

Fl. Stat. § 624.155(1)(a), (b)(1). Although such an action may be brought pursuant to Fl. Stat. § 624.155, such an action may not be brought under the common law. Prior to the enactment of § 624.155, no common law cause of action existed for bad faith failure to settle a claim for first party benefits, such as claims for underinsured motorist benefits, disability benefits, or insurance benefits for property damage under a homeowner's policy. *See QBE Ins. Corp. v. Chalfonte Condo. Apartment Assoc., Inc.*, 94 So.3d 541, 547 (Fla.2012) ("[T]here is no common law first-party bad-faith action in Florida."). To the extent Lopez attempts to state a separate claim for common law bad faith, such a claim is dismissed with prejudice.

**B. The statute of limitations bars the statutory bad faith claim.**

■ A Fl. Stat. § 624.155 bad faith claim is "[a]n action founded on a statutory liability" and is therefore governed by the four year statute of limitations. *See* Fl. Stat. § 95.11(3)(f); *Coachmen Indus., Inc. v. Royal Surplus Lines Ins. Co.*, No. 3:06–cv–959–J–HTS, 2007 WL 1837842, at * 13 (M.D.Fla.2007) (four year statute of limitations applicable to statutory claims applied to statutory bad faith claim under Fl. Stat. § 624.155). A statute of limitations begins to run "from the time the cause of action accrues." *See* Fl. Stat. § 95.031. "A cause of action accrues when the last element constituting the cause of action occurs." *See* Fl. Stat. § 95.031(1). An action under Fl. Stat. § 624.155 for failure to settle an uninsured motorist claim accrues when there has been "a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages." *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289, 1291 (Fla.1991); *Vest v. Travelers Ins. Co.*, 753 So.2d 1270, 1276 (Fla.2000) ("We continue to hold in accord with

*Blanchard* that bringing a cause of action in court for violation of section 624.155(1)(b)(1) is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract.").

■ Here, the final determination as to liability and damages in the underlying uninsured motorist suit occurred on May 29, 2008, the date of the final judgment. *See Romano v. Am. Cas. Co. of Reading, Pennsylvania*, 834 F.2d 968, 970 n. 4 (11th Cir.1987) (for purposes of statute of limitations, an action for statutory bad faith accrues when the final judgment of damages in underlying case issues). This action was not filed until May 10, 2013, more than four years after it accrued.

■ Lopez does not dispute that she filed her complaint after the statute of limitations expired. Rather, she attempts to defeat Geico's statute of limitations defense based on theories of equitable estoppel and equitable tolling. Equitable tolling is unavailable outside of the administrative context, however. In *HCA Health Servs. of Florida, Inc. v. Hillman*, 906 So.2d 1094 (Fla. 2d DCA 2005), plaintiffs were nurses who initially filed a whistleblower action in federal court, erroneously believing that the defendant was a foreign corporation, and thus, that diversity jurisdiction existed. *See id.* at 1096. The federal action was dismissed based on lack of subject matter jurisdiction, and the plaintiffs refiled the action in state court. *See id.* By that time, however, the statute of limitations had run. *See id.* Defendants moved to dismiss based on a statute of limitations defense, but plaintiffs successfully argued that the statute should be equitably tolled. *See id.* at 1098. The appellate court reversed, holding that there was no support for the proposition that equitable tolling of the statute of limitations applies outside of the administrative context. *See id.* The

legislative intent expressed in Section 95.051 lent further support to that conclusion, as 95.051(1) sets forth an exclusive list of eight circumstances in which the statute of limitations in tolled. *See id.* Absent from the list is the timely filing of a claim in the improper forum. *See id.* Furthermore 95.051(2) expressly precludes use of any tolling provision not listed. *See id. See also Watson v. Paul Revere Life Ins. Co.*, No. 11–21492–CIV–KMM, 2011 WL 5025120, at *4 (S.D.Fla. Oct. 21, 2011) (under Florida law, equitable tolling of a statute of limitations is unavailable outside the administrative context); *Socas v. Northwestern Mut. Life Ins. Co.*, 829 F.Supp.2d 1262 (S.D.Fla.2011) ("[I]n Florida, the application of equitable tolling is limited to administrative proceedings."); *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, No. 6:08–cv–466–Orl–28GJK, 2010 WL 1408391, at *15 (M.D.Fla.2010) ("Equitable tolling ... is not available in civil actions in Florida.").

▮ Lopez also argues that Geico should be equitably estopped from raising a statute of limitations defense because Geico waited nearly four years to assert its lack of subject matter jurisdiction defense. To prove that a defendant is equitably estopped from relying on a statute of limitations defense, a plaintiff must establish (1) conduct amounting to a false representation or concealment of material facts; (2) the intention, or at least the expectation that the conduct will be acted upon by, or influence, the other party; (3) knowledge, actual or constructive, of the real facts; (4) plaintiff's lack of knowledge and of the means of ascertaining the truth; (5) plaintiff's good faith reliance upon defendant's statements; (6) action or inaction based thereon of such a character so as to change the position or status of the plaintiff, to her injury, detriment or prejudice. *See Lurry v. Transcor Am., LLC*, 140

Fed.Appx. 79, 81 (11th Cir.2005) (citing *Rinker Materials Corp. v. Palmer First Nat'l Bank & Trust Co. of Sarasota*, 361 So.2d 156 (Fla.1978)).

In *Lurry,* the Eleventh Circuit affirmed the undersigned's award of summary judgment in favor of the defendant based on its statute of limitations defense. Plaintiff argued that defendant's insurer led his attorneys to believe that it intended to settle his claim, thereby causing him to wait to file suit until after the expiration of the statute of limitations. *See id.* at 80. The Eleventh Circuit affirmed the undersigned, concluding that there was no evidence of fraud, misrepresentation or other affirmative deception on the part of the defendants. *See id.* at 81. There was no allegation that plaintiff's counsel was unaware of the four year statute of limitations or that counsel was unable to obtain such knowledge. *See id.* Nor were there any allegations that plaintiff's attorneys' delay in filing was in direct reliance on any statement made by the defendant. *See id. See also Fox v. City of Pompano Beach,* 984 So.2d 664, 668 (Fla. 4th DCA 2008) (city's three month delay in responding to terminated city employee's inquiry regarding whether city had administrative procedure in handling whistleblower complaints did not constitute type of misconduct that would support employee's argument that city was equitably estopped from raising a statute of limitations defense); *Hillman,* 906 So.2d at 1096, n. 3 (noting that application of equitable estoppel doctrine requires presence of "active deception or misconduct").

Here, Lopez's allegation that Geico delayed four years in asserting a defense based on subject matter jurisdiction in the prior state court action does not constitute false representation or concealment of facts. Under Florida law, lack of subject matter jurisdiction may be raised at any

time, even on appeal. *See* Fla.R.Civ.P. 1.140(h)(2)("The defense of lack of jurisdiction of the subject matter may be raised at any time."). Geico raised a purely legal defense based on the trial court's lack of jurisdiction over Lopez's case and thus could not grant Lopez leave to amend to bring a bad faith claim. Lopez cannot demonstrate that she lacked the means of ascertaining that the circuit court lacked jurisdiction over her claim.

The only case Lopez cites in support of her equitable estoppel theory is *Glantzis v. State Auto. Mut. Ins. Co.*, 573 So.2d 1049 (Fla. 4th DCA 1991). There, the court equitably estopped an insurer from asserting a statute of limitations defense where it had agreed in writing to arbitrate a case and the parties had picked arbitrators. Only after the statute of limitation expired did the insurer inform the insureds that it was reneging on its agreement to arbitrate. *See id.* at 1050. *Glantzis* did not discuss the standard for equitable estoppel, but did rely on *North v. Culmer*, 193 So.2d 701, 704 (Fla. 4th DCA 1967), which held that "actual fraud in the technical sense, bad faith, or an intent to mislead or deceive is not essential to create such an estoppel." *Rinker* overruled *North*, however, and held that equitable estoppel does require proof of fraud, misrepresentation or other affirmative deception. 361 So.2d at 159. *Glantzis* is distinguishable in that it did not involve actual fraud, misrepresentation or affirmative deception. Moreover, *Glantzis* relied on caselaw that has since been overturned. Lopez may not avoid the statute of limitations on theories of equitable tolling and equitable estoppel. Accordingly, her complaint is dismissed with prejudice on statute of limitations grounds.

## C. Lopez failed to file a CRN against Geico.

■ As a condition precedent to filing an action for statutory insurer bad faith pursuant to Fl. Stat. § 624.155, an insured must file a CRN with the Department of Financial Services and serve same upon the insurer. *See* Fl. Stat. § 624.155(3)(a) and (b) ("As a condition precedent to bringing an action under this section, the department and the authorized insurer must have been given 60 days written notice of the violation. . . . The notice shall be on a form provided by the department[.]"); *Vest,* 753 So.2d at 1275 ("To proceed in a claim for bad faith an insured must send a notice pursuant to section 624.155."). Pursuant to Fl. Stat. § 624.155(3), there can be no bad faith remedy until the civil remedy notice is sent by the insured and the insurer has the opportunity to "cure" the violation. *See Talat Enter., Inc. v. Aetna Cas. and Sur. Co.,* 753 So.2d 1278, 1283–84 (Fla.2000).

■ Because Fl. Stat. § 624.155 is in derogation of the common law, it must be and has been strictly construed by the courts. *See id.* at 1283. Accordingly, where an insured fails to file a CRN in accordance with Fl. Stat. § 624.155(3), her statutory bad faith claim will be dismissed. Further, where the defect can no longer be remedied, the dismissal shall be with prejudice. *See Fenderson v. United Auto. Ins. Co.,* 31 So.3d 915 (Fla. 4th DCA 2010) (where insured can no longer remedy his failure to comply with § 624.155(3) relating to the civil remedy notice, the dismissal of his bad faith complaint should be with prejudice); *Bollinger v. State Farm Mut. Auto. Ins. Co.,* No. 1:11–cv–14257–KMM, 2012 WL 112937, at *2–3 (S.D.Fla. Jan. 12, 2012) (where the plaintiff failed to file a civil remedy notice with the Department of Financial Services or to serve the insurer with such notice, her Fl. Stat. § 624.155 complaint was dismissed with prejudice).

Courts have interpreted the civil remedy notice requirement so strictly that they

have dismissed bad faith actions against insurers where no CRN has been filed against them even though a CRN has been filed against a related entity. The insured in *Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co.*, 665 F.Supp.2d 1355 (S.D.Fla.2009), filed a statutory bad faith action against Zurich American Ins. Co. ("Zurich"). The insured had not filed a CRN against Zurich, however, but against Empire Indemnity Ins. Co. ("Empire"), a Zurich subsidiary. *See id.* at 1360–61. The undersigned dismissed the bad faith action against Zurich, reasoning as follows:

> While Zurich may have notice of alleged bad faith actions on the part of Empire, it did not have notice of bad faith actions committed by Zurich. The CRN is crucial to the procedural integrity of a statutory bad faith claim. The very purpose of the CRN is to allow the insurer time to cure its bad faith actions. Sandalwood [the insured] accuses Zurich of putting form over substance. However, these procedural requirements are to be strictly construed. Strictly construing these requirements, Sandalwood has failed to give Zurich the proper notice required by the statute.

*Id.* at 1361 (quotations omitted).

■ Here, although Lopez filed a CRN against Government Employees Insurance Company, she did not file a CRN against Geico Casualty Company. Lopez claims that the identity of her insurer was confusing and ambiguous because she received correspondence from Geico on letterhead that bore the names of several Geico entitles. Lopez also claims that she did not have a certified copy of the policy to identify the correct insurer. Lopez received a declarations page every time there was a change in her policy, however, and said page clearly identified "Geico Casualty Company" as her insurer. Lopez therefore cannot claim that she was unable to identify her insurer. *See id.* at 1360 (rejecting claim that identity of insurer was ambiguous; identity of insurer was ascertainable because parent company's name only appeared on the copyright line of one page of the policy). As to Lopez's claim that she did not have a certified copy of the policy with which to identify the insurer, such was not necessary given Lopez's possession of the declarations page.

The complaint is dismissed in light of Lopez's failure to file a proper CRN. The dismissal is with prejudice because Lopez can no longer remedy the defect in the CRN. *See Talat*, 753 So.2d at 1281–82 (where insurer paid the contractual damages owed before the insured filed its civil remedy notice, summary judgment was properly entered in favor of insurer on § 624.155 claim).

## IV. *CONCLUSION*

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the motion to dismiss, filed July 10, 2013 [**DE 4**], is GRANTED. The above-styled case is DISMISSED WITH PREJUDICE. The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT. This matter is REMOVED from the December 1, 2014 trial calendar.