U.S. Educ. Loan Trust IV, LLC v Bank of N.Y. Mellon (2020 NY Slip Op 00087)





U.S. Educ. Loan Trust IV, LLC v Bank of N.Y. Mellon


2020 NY Slip Op 00087


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10710 654415/17

[*1] U.S. Education Loan Trust IV, LLC, et al., Plaintiffs-Appellants-Respondents,
v
Bank of New York Mellon, Defendant-Respondent-Appellant.


Arnold & Porter Kaye Scholer LLP, New York (Eric N. Whitney of counsel), for appellants-respondents.
Dechert LLP, New York (Hector Gonzalez of counsel), for respondent-appellant.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about August 8, 2018, which, to the extent appealed from, granted defendant's motion pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the claims for conversion, breach of the duty to not operate under a conflict of interest, and a declaratory judgment, the part of the claim for breach of the indentures related to the Maximum Rate, Carry-Over Amounts, and broker-dealer fees, and all claims asserted by plaintiff Henry B. Howard, and denied the motion as to the claim for breach of the duty of due care, the remaining part of the claim for breach of the indentures, and the claims for common-law indemnification and attorneys' fees, unanimously modified, on the law, to grant the motion as to the part of the claim for breach of the indentures based on section 4.06 of the indenture (the waterfall provision) and the part of the claim for breach of the duty of due care relating to the Maximum Rate, Carry-Over Amounts, and broker-dealer fees, and to deny the motion as to the part of the declaratory judgment claim related to defendant's entitlement to legal fees in the instant action, and otherwise affirmed, without costs.
The court correctly found that plaintiff Howard was not an intended third-party beneficiary of either the indenture or the Auction Agent Agreement. The indenture states that it is "intended to be ... for the sole and exclusive benefit of the parties hereto" and nine categories of people (Authenticating Agent, Paying Agent, Remarketing Agent, etc.). Howard was not a named beneficiary. Nor does he fall within the other nine categories (see generally Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710 [2018]; see also id. at 708). The Auction Agent Agreement says, "Nothing in this Agreement ... shall give to any Person, other than the Trustee, ... the Issuer and the Auction Agent and their respective successors and assigns, any benefit of any legal or equitable right, remedy or claim under this Agreement." Howard is not the Trustee, the Issuer, the Auction Agent, or the successor or assign of any of the above.
Since plaintiffs are not New York residents, their causes of action accrued either in Delaware, the state of incorporation of plaintiff U.S. Education Loan Trust IV (hereinafter plaintiff), or in Florida, plaintiff's principal place of business (CPLR 202; see Deutsche Bank Natl. Trust Co. v Barclays Bank PLC, __NY3d__, 2019 NY Slip Op 08519 [2019]; Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 530 [1999]).
The court correctly dismissed the contract claims related to the Maximum Rate, Carry-Over Amounts, and broker-dealer fees as time-barred. Under Delaware law the statute of limitations for breach of contract is three years and begins to run when the contract is breached (see e.g. Armstrong v Council of the Devon, 2018 WL 1448093, *2, 2018 Del Super LEXIS 133, *4-5 [Mar. 23, 2018, C.A. NO.:N16C-09-026 AML], affd 198 A3d 724 [Del 2018]). The documentary evidence shows that plaintiff's' claim for overpayment of broker-dealer fees accrued, at the latest, on June 4, 2009. Plaintiffs' claim for Carry-Over Amounts accrued by the [*2]end of 2009. The allegation that defendant miscalculated the Maximum Rate accrued on or before November 2, 2010. This action was not commenced until June 2017 and is time-barred.
Plaintiff contends that the statute of limitations of Florida controls. However, these claims are also time-barred under Florida law. In Florida, the statute of limitations for breach of a written contract is five years (see e.g. Delco Oil, Inc. v Pannu, 856 So 2d 1070, 1071 n 2 [Fla Dist Ct App 2003]). Since the dismissed contract claims accrued by November 2010, they were time-barred by November 2015 and should be dismissed under Florida law as well.
Plaintiff relies on equitable tolling, continuous representation, and equitable estoppel under Florida law. To the extent Florida permits equitable tolling in ordinary civil litigation, as opposed to the administrative context (compare Matter of Engle Cases, 45 F Supp 3d 1351, 1363-1364 [MD Fla 2014], with Lopez v Geico Cas. Co., 968 F Supp 2d 1202, 1206 [SD Fla 2013]), this action is not an extraordinary case warranting the otherwise sparing use of the remedy (see Engle, 45 F Supp 3d at 1364). Nor would equitable tolling be applicable, because plaintiff was not ignorant of the limitations period (see Machules v Department of Admin., 523 So 2d 1132, 1134 [Fla 1988]). It sought a tolling agreement in August 2014, before the statute of limitations expired.
Similarly, equitable estoppel would not avail plaintiff under Florida law (see Delco, 856 So 2d at 1073), because defendant did not lull plaintiff into complacency until after the statute of limitations had run.
Plaintiff's reliance on continuous representation is unavailing because Florida has not adopted the continuous representation/treatment doctrine (see Larson & Larson, P.A. v TSE Indus., Inc., 22 So 3d 36, 45-46 [Fl 2009]).
Under Delaware law, plaintiff relies on equitable tolling and equitable estoppel. The fiduciary type of equitable tolling is unavailable to plaintiff with respect to its breach of the indentures claim (Sunrise Ventures, LLC v Rehoboth Canal Ventures, LLC, 2010 WL 363845, *6, 2010 Del Ch LEXIS 22, *26-27 [Jan. 27, 2010, C.A. No. 4119-VCS]), because defendant was not a fiduciary in its capacity as indenture trustee (see Cece & Co. Ltd. v U.S. Bank N.A., 153 AD3d 275, 279 [1st Dept 2017]). While defendant was a fiduciary in its capacity as Auction Agent, plaintiff may not invoke the fiduciary type of equitable tolling with respect to its breach of the Auction Agent Agreements claim, because it had not only inquiry notice but also actual notice of defendant's miscalculation of the Maximum Rate by November 2, 2010 and of overpayments to broker-dealers by October 2011 — before the expiration of the statute of limitations in November 2013 (see Sunrise, 2010 WL 363485 at *6, 2010 Del Ch LEXIS 22 at *27).
Nor may plaintiff invoke the type of equitable tolling under Delaware law that is based on a defendant's affirmative act to mislead and induce a plaintiff not to bring suit, because the complaint alleges "mere attempts to repair or a promise to repair a breach of contract" which do not preclude the running of the statute (Central Mtge. Co. v Morgan Stanley Mtge. Capital Holdings LLC, 2012 WL 3201139, *23, 2012 Del Ch LEXIS 171, *90 [Aug. 7, 2012, Civil Action No. 5140-CS]).
As for equitable estoppel, plaintiff cites New York law. However, it does not allege that defendant induced it to refrain from suit by fraud, misrepresentations or deception (see Simcuski v Saeli, 44 NY2d 442, 448-449 [1978]). Moreover, plaintiff was aware of the facts before the statute of limitations expired (see Pahlad v Brustman, 8 NY3d 901, 902 [2007]; Bacon v Nygard, 140 AD3d 577, 578 [1st Dept 2016]).
The conversion claim is duplicative of the contract claims (see Kopel v Bandwidth Tech. Corp., 56 AD3d 320 [1st Dept 2008]).
Plaintiff does not need a declaratory judgment with respect to the Noteholder Lawsuits, because by its own admission it has an adequate remedy at law (see Ithilien Realty Corp. v 180 Ludlow Dev. LLC, 140 AD3d 621, 622 [1st Dept 2016]). We note that Section 6.11 of the indenture authorizes an award of attorneys' fees (see e.g. Ambac Assur. Corp. v Countrywide Home Loans, Inc., 31 NY3d 569, 584 [2018]). However, a declaration is necessary as to whether defendant is entitled to attorneys' fees in this action. While in the seventh cause of action plaintiff seeks its own fees in this action, in the eighth cause of action it seeks a declaration that [*3]defendant is not entitled to attorneys' fees.
With respect to the claims that the court declined to dismiss, the negligence claim is time-barred to the extent it is based on the same facts as underlie the dismissed contract claims (i.e., Carry-Over Amounts, Maximum Rate, and broker-dealer fees). Under Delaware law, which is the focus of the parties' dispute about accrual (see CPLR 202), the cause of action accrues at the time of injury caused by a tortious act (Lima Delta Co. v Global Aerospace, Inc., 2017 WL 4461423, *5, 2017 Del Super LEXIS 495, *10 [Oct. 5, 2017, C.A. No. 16C-11-241WCC CCLD], affd 189 A3d 185 [Del 2018]). In its opposition to defendant's motion, plaintiff admitted that it did suffer some injury at the time of defendant's wrongful acts (see Kaufman v C.L. McCabe & Sons, Inc., 603 A2d 831, 834 [Del 1992]). Moreover, plaintiff had reason to know in 2010-2012 that wrongs had been committed (see Abdi v NVR, Inc., 2007 WL 2363675, *3, 2007 Del Super LEXIS 237, *17 [Aug. 17, 2007, C.A. No. 04C-08-028-PLA], affd 945 A2d 1167 [Del 2008]).
Contrary to defendant's contention, the breach of the indentures claim includes allegations in addition to those concerning Carry-Over Amounts, the Maximum Rate, broker-dealer fees, and defendant's use of funds to reimburse itself for its legal expenses in the Noteholder Lawsuits. However, to the extent the claim is based on allegations that defendant did not properly allocate funds according to the waterfall, it is time-barred because the waterfall is connected to Carry-Over Amounts and because plaintiff knew about this issue as long ago as 2010.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK