■ ARTHUR YOUNG & COMPANY, Appellant, v DONALD M. FLEISCHMAN, Respondent. — Order, Supreme Court, New York County (Blangiardo, J.), entered July 6, 1981, denying, in part, plaintiff's motion for summary judgment, is unanimously modified, on the law, to the extent that partial summary judgment is granted to plaintiff on the third cause of action in the complaint on the issue of liability only, and summary judgment is granted to plaintiff dismissing the third counterclaim in the answer, insofar as said counterclaim claims a share of the partnership's profits or business for any period after defendant's withdrawal from the partnership other than repayment at the stipulated rate and amount for defendant's partnership units; and the order is otherwise affirmed, with costs to plaintiff-appellant. Defendant, a former partner in plaintiff accounting firm, voluntarily withdrew from the partnership. The present lawsuit relates to the rights of the parties incident to such withdrawal. Summary judgment was properly denied to plaintiff on the second cause of action in the complaint for declaratory judgment, as no declaratory judgment is appropriate when an adequate remedy is already provided by another well-known form of action, such as actions for injunction or breach of contract, both alleged in this complaint. (*James v Alderton Dock Yards,* 256 NY 298.) The third cause of action in the complaint seeks damages for violation of the provision of the partnership agreement which requires that, at the partnership's sole election, any claims asserted by or against the partnership shall be heard or determined in the Federal or State courts in the County and State of New York. When defendant, a former partner, stated that he had some disputes with the partnership, plaintiff partnership wrote him advising him of this contractual provision and requiring that any litigation be conducted in the New York courts. Defendant nevertheless sued in the courts of Minnesota. Ultimately, the Minnesota courts refused to restrain the New York action. In the circumstances, defendant's bringing the action in Minnesota was a breach of the contractual choice of forum provision. What, if any, damages plaintiff is entitled to recover from defendant for this breach is not now before us, but plaintiff is entitled to summary judgment on this cause of action on the issue of liability only. The partnership agreement provides for the division of the partnership's capital into units which are allocated among the partners.

---

Under the agreement, a partner acquiring units pays for them in annual installments over an eight-year period. When a partner withdraws, repayment for the units is also made in eight annual installments. The partnership agreement provides: "The withdrawal of a partner as in this agreement provided or the death of a partner shall *ipso facto* release and convey and be deemed to release and convey to the then remaining partners under these Articles all of such partner's right, title, and interest in and to the partnership business, assets, goodwill, and partnership name without affecting in any way such partner's right to receive the payments to which such partner may be entitled under Articles V [repayment for units] and XI [pension]". The third counterclaim is rather ambiguous as to what is claimed, but apparently defendant claims a right to participate in profits for periods — perhaps for some years — after his withdrawal from the partnership. On this motion for summary judgment, plaintiff does not seek a resolution as to defendant's right to profits, etc., for the period before his withdrawal or to his right at the stipulated rate and amount for the repurchase of his units. Those items will presumably be encompassed in the accounting between the parties. But those items are the limit, under the agreement, of defendant's interest in the partnership. He has no right to any further share of profits or business applicable to the period after his withdrawal, and plaintiff is entitled to summary judgment dismissing the third counterclaim, insofar as it seeks an interest in such profits or business for such later period. "In the absence of prohibitory provisions of the statutes or of rules of the common law relating to partnerships, or considerations of public policy, the partners of either a general or limited partnership, as between themselves, may include in the partnership articles any agreement they wish concerning the sharing of profits and losses, priorities of distribution on winding up of the partnership affairs and other matters. If complete, as between the partners, the agreement so made controls". (*Lanier v Bowdoin,* 282 NY 32, 38.) Nothing is shown to excuse defendant from his obligations under the agreement. Concur — Ross, J. P., Lupiano, Silverman, Bloom and Lynch, JJ.