■ ITHILIEN REALTY CORP., Appellant-Respondent, v 180 LUDLOW DEVELOPMENT LLC, Respondent-Appellant, et al., Defendant. [35 NYS3d 325]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered October 20, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff Ithilien Realty Corp.'s (Ithilien) motion for summary judgment on its second cause of action for declaratory judgment with regard to breach of contract claims for (1) failure to procure insurance; (2) numerous instances of damage to its property; and (3) service of an unauthorized notice of cure, and dismissed those claims pursuant to CPLR 3212 (b), unani-

mously affirmed, without costs. Appeal from said order and judgment by defendant 180 Ludlow Development LLC, unanimously dismissed, without costs, as abandoned.

In this action arising from a dispute between neighboring property owners during the demolition of a preexisting structure on defendant's property, and the construction of what is now a hotel on plaintiff's property in downtown Manhattan, the IAS court properly denied plaintiff summary judgment on its second cause of action insofar as it asserted declaratory judgment claims sounding in breach of contract.

A cause of action for declaratory judgment is "unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract" or injunctive relief (*Apple Records v Capitol Records*, 137 AD2d 50, 54 [1988]; *Arthur Young & Co. v Fleischman*, 85 AD2d 571, 571 [1st Dept 1981]). The IAS court granted Ithilien the main form of relief it requested in this action by enjoining the enforcement of defendant's notice to cure (the third cause of action). With respect to its other allegations, Ithilien has or should have sought the appropriate relief through its first cause of action sounding in breach of contract (*id.*).

Ithilien has not moved for summary judgment on its first cause of action. And in any event, there remain numerous factual issues surrounding who or what caused the damage to Ithilien's property, and whether defendant breached the parties' agreement as to procurement of insurance. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Webber, JJ.