## Prosight Specialty Mgt. Co., Inc. v Altruis Group, LLC

2024 NY Slip Op 30329(U)

January 26, 2024

Supreme Court, New York County

Docket Number: Index No. 653775/2023

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------X

| | |
|---|---|
| PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC.,NEW YORK MARINE AND GENERAL INSURANCE COMPANY, GOTHAM INSURANCE COMPANY | **INDEX NO.**  653775/2023 |
| Plaintiff, | **MOTION DATE**  09/27/2023 |
| - v - | **MOTION SEQ. NO.**  001 |
| ALTRUIS GROUP, LLC, | **DECISION + ORDER ON MOTION** |
| Defendant. | |

-----------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24

were read on this motion to/for                    DISMISS                    .

Upon the foregoing documents, Prosight Specialty Management Company, Inc., New York

Marine and General Insurance Company, and Gotham Insurance Company (collectively, the

**Plaintiffs**)'s motion (Mtn. Seq. No. 001) is granted and Altruis Group, LLC (the **Defendant**)'s

counterclaims for breach of the implied covenant of good faith and fair dealing and the

declaratory judgment counterclaims are dismissed.

Much of what is at issue in this motion was addressed by the court (Vyskocil, J.) in a prior

decision (the **SDNY Decision**; NYSCEF Doc. No. 14) issued in a related action (the **SDNY**

**Action**) captioned *Altruis Grp. v. Prosight Specialty Mgmt. Co.*, 1:21-cv-10757 (SD NY Feb. 27,

2023).

**653775/2023   PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC. ET AL vs. ALTRUIS GROUP, LLC**
**Motion No.  001**

**Page 1 of 4**

Reference is made to a certain Niche Management Agreement (the **Original Agreement**; NYSCEF Doc. No. 9), dated February 4, 2020, as amended by a certain Amendment to Niche Management Agreement (the **Amendment**; the Original Agreement together with the Amendment, hereinafter, collectively, the **Agreement**; NYSCEF Doc. No. 10), dated May 4, 2020, by and among the Defendant, ProSight Specialty Management Company, Inc., and New York Marine and General Insurance Company, pursuant to which the Defendant agreed to provide certain insurance-related services to the Plaintiffs. When the Defendant allegedly failed to provide the agreed upon services, the Plaintiffs terminated the Agreement and sued in this court. In response in this action, the Defendant asserts three counterclaims – all of which amount to claiming that in fact it was the Plaintiffs who breached by improperly terminating the Agreement. Separately, in the United States District Court for the Southern District of New York, the Defendant in this case brought suit – the SDNY Action. That case is now dismissed for lack of subject matter jurisdiction.

The Defendant's counterclaim (the **Counterclaim**; NYSCEF Doc. No. 4) for breach of the covenant of good faith and fair dealing is dismissed. It is entirely duplicative of the breach of contract counterclaim (*Amcan Holdings, Inc. v Can. Imperial Bank of Commerce*, 70 AD3d 423, 426 [1st Dept 2010]). For example, (i) Counterclaim paragraphs 68 & 77 allege improper termination and improper invocation of Agreement Section 21(B)(3), (ii) paragraph 78 alleges failure to pay commissions due under the Agreement, (iii) paragraph 80 alleges improper early termination of the Agreement, (iv) paragraphs 81-82 allege refusal to pay monies due under the Agreement, and (v) paragraph 87 alleges deprivation of benefits the Defendant is "entitled to under the Agreement." Thus, it is dismissed. The additional allegation before this Court that

653775/2023   PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC. ET AL vs. ALTRUIS GROUP, LLC
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

one of the Plaintiffs' representatives admitted in his deposition that the Defendant may be entitled to some money for services rendered amounts to nothing more than a potential admission that Plaintiffs breached the Agreement, not a separate cause of action. As discussed (1.26.24), this is manifestly different than allegations of a course of dealings involving inconsistent communications as to the basis for certain denials (*cf. Truetox Laboratories, LLC v. Healthfirst PHSP, Inc.*, 68 Misc 3d 1209(A) [Sup Ct 2020]). As such, and as the SDNY court held (*see* NYSCEF Doc. No. 14 at 3-4), the breach of the covenant of good faith and fair dealing counterclaim is dismissed as duplicative.

The Defendant's counterclaim for a declaratory judgment is also dismissed. In case of an improper termination (one that does not fall under any of the specific categories enumerated in Section 22[A]-[D]), the Agreement provides that the non-terminating party retains all rights in the relevant intellectual property:

> In the event of any other termination by either party, such termination shall be deemed an abandonment by the terminating party and transfer to the non-terminating party of the terminating party's rights, title to and interest in the Captive Capabilities Niche Intellectual Property and the non-terminating party shall retain the sole undivided interest in the Captive Capabilities Niche Intellectual Property.

(NYSCEF Doc. No. 9 § 22[E].) Thus, as the SDNY court held (NYSCEF Doc. No. 14 at 6-7), this claim too is dismissed as duplicative and the Defendant has an adequate, alternative remedy if it proves its breach of contract counterclaim (*Ithilien Realty Corp. v 180 Ludlow Dev. LLC*, 140 AD3d 621, 622 [1st Dept 2016]).

The Court has considered the Defendant's other argument and finds them unavailing.

**653775/2023   PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC. ET AL vs. ALTRUIS GROUP, LLC**
**Motion No. 001**

Accordingly, it is hereby

ORDERED that the counterclaims for breach of the covenant of good faith and fair dealing and for declaratory judgment are dismissed; and it is further

ORDERED that the parties are directed to meet and confer as to what remains to be done in the way of discovery and to provide a proposed schedule no later than February 19, 2024.

SC: February 19, 2024 @ 11:30 am

20240126164202ABORROK46C0C06EBD4D4B7192D9EE44D1CA70A2

__1/26/2024__
DATE

ANDREW BORROK, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653775/2023   PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC. ET AL vs. ALTRUIS GROUP, LLC**
Motion No.  001

Page 4 of 4

4 of 4

[* 4]