## Brand Squared LLC v Ryse Up Sports Nutrition, LLC

2024 NY Slip Op 31031(U)

March 25, 2024

Supreme Court, New York County

Docket Number: Index No. 654218/2023

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

---------------------------------------------------------------------X

BRAND SQUARED LLC

                             Plaintiff,

              - v -

RYSE UP SPORTS NUTRITION, LLC,

                       Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654218/2023 |
| **MOTION DATE** | 10/18/2023 |
| **MOTION SEQ. NO.** | MS 001 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16

were read on this motion to/for                     DISMISS

      This action arises out of a representation agreement between a licensing agency and its client. Plaintiff Brand Squared LLC (BSQ) and defendant Ryse Up Sports Nutrition, LLC (Ryse) entered an agreement by which plaintiff would negotiate licensing agreements with third-party licensors on defendant's behalf and defendant would pay royalties on all sales resulting from those licensing agreements. Defendant eventually stopped paying royalties and sent plaintiff a letter accusing plaintiff of defaulting on the agreement. Plaintiff responded by commencing this action asserting claims of breach of contract, breach of the duty of good faith and fair dealing, constructive trust, accounting, unjust enrichment, and declaratory judgment. Defendant now moves to dismiss all but the breach of contract claim pursuant to CPLR 3211 [a] [7] for failure to plead all the elements of each cause of action. For the reasons below, defendant's motion is granted.

## Background[1]

      Plaintiff is a licensing agency that assists clients in creating licensing relationships with third-party licensors (NYSCEF # 2, Complaint, ¶ 11). According to the affidavit of plaintiff's managing partner and co-founder, Michael Dresner,

---

[1] Unless otherwise stated, the below allegations are taken from the complaint and are presumed true for the purposes of this motion.

654218/2023   BRAND SQUARED LLC vs. RYSE UP SPORTS NUTRITION, LLC         Page 1 of 9
Motion No.  001

1 of 9

[* 1]

plaintiff has "more than two decades of experience in creating license agreements and positioning manufacturers with licensors" and "decades-long relationships with many agencies that manage brand owners" (NYSCEF # 12, Dresner Aff, ¶¶ 4-5). Defendant is a sports nutrition company (NYSCEF # 2 ¶ 12). Around August 2020, defendant hired plaintiff to "create strategic licensed partnerships, thereby enabling [d]efendant to grow its distribution, rapport with trade buyers, and increase volume shipments and revenues, with products resulting from these licenses" in "an effort to enhance [defendant's] brand" (*id.* ¶ 13; NYSCEF # 8, Def. MOL at 1). The parties subsequently entered into a Representation Agreement ("Agreement") on August 10, 2021, back-dating it to August 24, 2020 (NYSCEF # 2 ¶ 14). The Agreement was later amended to extend the term to September 1, 2025 (*id.* ¶ 25).

Pursuant to the Agreement, plaintiff would negotiate licensing agreements with third-party licensors on defendant's behalf; defendant was prohibited from negotiating directly with any licensors (*id.* ¶¶ 15, 16). In exchange, defendant would pay plaintiff royalties equal to 3% of sales of licensed merchandise sold under those license agreements (*id.* ¶¶ 15, 18). The Agreement also required defendant to send plaintiff a sales report at the end of each month along with the calculated royalties (*id.* ¶ 19). Past-due royalties would accrue interest (*id.*).

Notably, the Agreement requires defendant to pay these royalties for any license agreement made by plaintiff following the effective date, including any amendments, renewals, extensions or modification of the licensing agreements (NYSCEF # 2 ¶¶ 15, 22). This provision survives the termination of the Agreement (*id.* ¶ 21). Finally, the Agreement could be terminated if plaintiff materially breaches or defaults. Defendant then sends a written notice informing plaintiff of that breach, and plaintiff has 30 days to cure (*id.* ¶ 20).

Everything went smoothly under the Agreement for three years until, according to the Dresner, defendant stopped paying royalties in March 2023 and stopped sending sales reports after May 2023 (NYSCEF # 12 ¶ 12). On July 3, 2023, defendant sent plaintiff a default letter that served as its termination of the Agreement; plaintiff, through its counsel, rejected defendant's termination letter because it was not compliant with the terms of the Agreement (NYSCEF # 2 ¶¶ 27-29). Plaintiff sent a follow-up letter on August 1, 2023, that gave defendant more time to pay outstanding royalties totaling $374,877.08, as well as more time to send monthly sales reports for June and July 2023 (*id.* ¶ 32). Defendant did not respond to the letter, invoices for June 2023, nor plaintiff's requests for more information about how plaintiff breached the Agreement (*id.* ¶¶ 31-33). Plaintiff believes that defendant is negotiating directly with licensors in violation of the Agreement (*id.* ¶ 30). Dresner baldly asserts that "[d]efendant is informing Licensors not to contact or interact with [p]laintiff in regard to the License Agreements" (NYSCEF # 12 ¶ 24).

654218/2023  BRAND SQUARED LLC vs. RYSE UP SPORTS NUTRITION, LLC
Motion No.  001

Page 2 of 9

2 of 9

On August 30, 2023, when defendant failed to pay the back-owed royalties or otherwise respond, plaintiff initiated the current lawsuit asserting six causes of action: (1) breach of contract for failing to pay past due royalties, refusing to pay future royalties, negotiating directly with Licensors, and violating exclusivity provisions in the Agreement; (2) breach of the duty of good faith and fair dealing by "act[ing] for an illegitimate purpose and in bad faith in an attempt to not only retain Royalty Compensation . . . due and owing . . . but also to undercut [plaintiff's] long-term relationships with the very Licensors that created Licenses with the [d]efendant" (NYSCEF # 2 ¶ 41); (3) constructive trust over the past-due royalty monies owed under the Agreement (*id.* ¶ 48); (4) accounting of "all sales of all Licensed Articles related to this Agreement" (*id.* ¶ 53); (5) unjust enrichment; and (6) a declaratory judgment requiring defendant to pay past and future amounts due under the Agreement. Despite its claim that defendant owes $374,877.08 in past-due royalties, plaintiff pleads $35 million in damages (*id.* ¶¶ 39, 43, 58).

Defendant now moves to dismiss all but the breach of contract claim, arguing that the claims are not properly pled and are duplicative of the breach of contract claim (NYSCEF # 8, Deft's MOL). Plaintiff disagrees asserting that defendant's motion is based on defendant's dispute about the Agreement (NYSCEF # 11, Pltf's Opp). In response, defendant asserts that it does not dispute the existence or validity of the Agreement as shown by the fact that defendant did not move to dismiss the breach claim (NYSCEF # 16).

## Legal Standard

CPLR 3211(a)(7) provides that a party may move for judgment dismissing one or more causes of action when a pleading "fails to state a cause of action" (CPLR 3211 [a] [7]). On a motion to dismiss pursuant to CPLR 3211(a)(7), the court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the non-movant] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Whitebox Concentrated Convertible Arb. Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012] [internal quotation omitted]; *accord Pavich v Pavich*, 189 AD3d 548, 549 [1st Dept 2020]). "[W]hether a plaintiff . . . can ultimately establish its allegations is not taken into consideration in determining a motion to dismiss" (*Phillips S. Beach LLC v ZC Specialty Ins. Co.*, 55 AD3d 493, 497 [1st Dept 2008], *lv denied* 12 NY3d 713 [2009]). However, the court need not accept "conclusory allegations of fact or law not supported by allegations of specific fact" (*Wilson v Tully*, 243 AD2d 229, 234 [1st Dept 1998]).

**654218/2023  BRAND SQUARED LLC vs. RYSE UP SPORTS NUTRITION, LLC**
**Motion No.  001**

**Page 3 of 9**

## Discussion

Defendant moves to dismiss plaintiff's causes of action for breach of the duty of good faith and fair dealing, constructive trust, accounting, unjust enrichment, and declaratory judgment.

*Implied Covenant of Good Faith and Fair Dealing (2nd Cause of Action)*

In order to state a claim for violation of the implied covenant of good faith and fair dealing, "plaintiff must allege facts that tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff" (*Dialcom, LLC v AT & T Corp.*, 20 Misc 3d 1111(A) [Sup Ct, Kings County, 2008]). However, "[a] cause of action to recover damages for breach of the implied covenant of good faith and fair dealing cannot be maintained where the alleged breach is 'intrinsically tied to the damages allegedly resulting from a breach of the contract'" (*JJM Sunrise Automotive, LLC v Volkswagen Group of Am., Inc.*, 46 Misc 3d 755, 777 [Sup Ct, Nassau County, 2014], *adhered to on rearg,* 49 Misc 3d 1208(A) [NY Sup 2015]; *see Tour Cent. Park Inc. v Thor 38 Park Row LLC*, 223 AD3d 546, 547 [1st Dept 2024] [dismissing good faith and fair dealing claim as duplicative "to the extent it was based on the same facts underlying the breach of contract claim"]).

Here, defendant has successfully shown that plaintiff's good faith and fair dealing claim merely duplicates the breach of contract claim. Both causes of action request the same relief in the form of $35 million in damages (*compare* NYSCEF # 2 ¶ 39 *with id.* ¶ 43 [seeking the same relief, $35 million, under each of these claims]). Both claims similarly allege the same harm – defendant's choice to stop paying royalties (*compare id.* ¶ 38 [defendant breached by "(i) failing to pay past due amounts due and owing to plaintiff under the terms of the Agreement"] *with id.* ¶ 41 [defendant violated good faith and fair dealing by attempting to "retain Royalty Compensation monies contracted, due and owing to [plaintiff]"]).

And, while not as obvious, both causes of action also allege that defendant violated the Agreement by directly reaching out to licensors. The breach of contract claim alleges this directly (*see id.* ¶ 38 [defendant additionally breached by "(iii) negotiating directly with Licensors in direct contradiction of the Agreement"]). The good faith and fair dealing claim does not state this directly, instead it claims that defendant acted to "undercut [plaintiff's] long-term relationships with the very Licensors that created Licenses with the Defendant" (*id.* ¶¶ 41). The Dresner affidavit clarifies that defendants "undercut" plaintiff's relationships by "informing Licensors not to contact or interact with Plaintiff in regard to the License Agreements, and further unnecessarily de-positioning and harming Plaintiff's

**654218/2023   BRAND SQUARED LLC vs. RYSE UP SPORTS NUTRITION, LLC**   **Page 4 of 9**
**Motion No.  001**

relationships and reputation in the industry" (NYSCEF # 12 ¶ 24). Plaintiff argues that these breach and good faith and fair dealing allegations are not identical because there is a difference between reaching out directly to licensors and telling licensors not to interact with plaintiff (*see* NYSCEF # 11 at 5). However, even in the light most favorable to plaintiff, this is a distinction without a difference. If defendant is negotiating directly with licensors, then defendant almost certainly would tell licensors not to contact plaintiff about those contracts, or else cause confusion among its licensors. In other words, the allegations supporting the breach claim necessarily encompasses the allegations supporting the good faith and fair dealing claim. The two claims are therefore duplicative.

Even if the claims were not duplicative, plaintiff's good faith and fair dealing claim would still fail because the allegations supporting it are entirely conclusory. "A pleading which, fairly construed, fails to allege any facts which constitute a wrong but only general conclusions, is entirely insufficient and may be dismissed on that ground" (*Kalmanash v Smith*, 291 NY 142, 153 [1943]). Plaintiff only relies on three sentences across the complaint and the Dresner affidavit for the proposition that defendant is "undercutting" plaintiff's business:

1. "Upon information and belief, Defendant has negotiated directly with Licensors without BSQ's presence or involvement, in contradiction to Counsel's request and direct violation of the Agreement . . .." (NYSCEF # 2 ¶ 30).
2. "[Defendant] has acted for an illegitimate purpose and in bad faith in an attempt to . . . undercut BSQ's long-term relationships with the very Licensors that created Licenses with the Defendant" (*id.* ¶ 41).
3. "In fact, Defendant is informing Licensors not to contact or interact with Plaintiff in regard to the License Agreements, and further unnecessarily de-positioning and harming Plaintiff's relationships and reputation in the industry" (NYSCEF # 12 ¶ 24).

Each of these allegations is conclusory in that there are no specific examples of licensors to whom defendant spoke or instances in which licensors were told not to contact plaintiff. Even in context, there are no additional factual allegations that would strengthen any of these conclusory statements. Allegations like these are insufficient to state a cause of action.

Given the above deficiencies, the court does not need to reach defendant's other arguments on this point. The good faith and fair dealing claim is dismissed.

**654218/2023   BRAND SQUARED LLC vs. RYSE UP SPORTS NUTRITION, LLC**
**Motion No.  001**

**Page 5 of 9**

5 of 9

[* 5]

*Constructive Trust (3rd Cause of Action)*

"Generally, a constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]. The elements of constructive trust are "(1) a fiduciary or confidential relationship between the parties, (2) a promise, (3) a transfer of some asset in reliance upon the promise, and (4) unjust enrichment flowing from the breach of the promise" (*Zuch v Zuch*, 117 AD2d 397, 403 [1st Dept 1986]).

Plaintiff's constructive trust claim fails because there is no adequate allegation of a confidential or fiduciary relationship. Regarding confidential relationships, plaintiff argues that it created such a relationship by sharing confidential information with defendant, including "confidential long-term relationships" with licensors and plaintiff's "strategies and negotiation tactics for successfully pitched new Licensors" (NYSCEF # 11 at 8). However, "a confidential relationship is 'a relationship arising out of a close and intimate association which creates and inspires trust and confidence between the parties'" (*A. Brod, Inc. v SK & I Co., L.L.C.*, 998 F Supp 314, 327 [SDNY 1998], quoting 106 N.Y. Jur. Trusts § 157 [2nd Ed.1993]). For instance, confidential relationships have been found between siblings (*Kissane*, 217 AD3d at 934); close friends (*Kohan v Nehmadi*, 130 AD3d 429, 430 [1st Dept 2015]); married and/or divorced couples (*Goodman v Goodman*, 84 AD2d 344, 346 [1st Dept 1982]); people in other romantic relationships (*e.g.*, *Sharp v Kosmalski*, 40 NY2d 119, 120 [1976]; *Canas v Oshiro*, 221 AD3d 650, 651 [2d Dept 2023]); situations in which one lawyer sits on both sides of a contractual transaction (*Sharper v Harlem Teams for Self-Help, Inc.*, 257 AD2d 329, 332 [1st Dept 1999]); and parties with prior "longstanding business relationship[s] . . . often without any formal written agreement" (*Berry v Wallerstein*, 219 AD3d 924, 925 [2d Dept 2023]). By contrast, plaintiff alleges merely that it had a contractual Agreement with defendant and shared some confidential information under that Agreement. There are no other facts showing the sort of "close an intimate association" needed to turn a corporate contract into a confidential relationship.

Plaintiff similarly fails to allege a fiduciary relationship. Plaintiff argues first that there was a fiduciary relationship because, again, plaintiff gave defendant confidential information. However, plaintiff offers no case law for the extreme proposition that merely sharing one's confidential information somehow turns a contractual relationship into a fiduciary one. But such proposition has faced rejection (*see United States v Chestman*, 947 F2d 551, 568 [2d Cir 1991] ["Reposing

**654218/2023  BRAND SQUARED LLC vs. RYSE UP SPORTS NUTRITION, LLC**
**Motion No.  001**

Page 6 of 9

6 of 9

confidential information in another [] does not by itself create a fiduciary relationship"]).

Additionally, while plaintiff does not argue this outright, plaintiff seems to suggest that a fiduciary relationship existed because defendant had a duty to calculate and distribute royalties to plaintiff—in other words, that royalty contracts necessarily create fiduciary relationships (NYSCEF # 11 at 8). In denying this argument, it is helpful to refer to cases between music artists and recording companies. New York courts have held that "an artist's assignment of rights to a record company in exchange for royalties is contractual and does not create a fiduciary relationship or duty" (*Silvester v Time Warner, Inc.*, 1 Misc 3d 250, 257 [Sup Ct NY County 2003] [collecting cases], *affd*, 14 AD3d 430 [1st Dept 2005]). Instead, to turn the contractual relationship into a fiduciary one, there must be "a separate duty other than to perform under the contract" (*id.*), sometimes described as a "special circumstance" (*see, e.g.*, *Rodgers v Roulette Records, Inc.*, 677 F Supp 731, 738 [SDNY 1988]; *Universal-MCA Music Publ. v Bad Boy Entertainment, Inc.*, 2003 NY Slip Op 51037(U) [Sup Ct, NY County, June 18, 2003] [stating that for co-authors of music, "special circumstances" required to turn "ordinary business relationship into a fiduciary one"]). Plaintiff does not allege a special circumstance of any sort. And this court sees no reason to dispense with the special circumstances requirement here. Because the fiduciary duty element is not met, this claim is dismissed.

*Accounting (4th Cause of Action)*

The elements of accounting are "[i] a fiduciary or confidential relationship, [ii] money entrusted to the defendant imposing the burden of an accounting, [iii] the absence of a legal remedy, and [iv] in some cases a demand and refusal" (*Metro. Bank & Tr. Co. v Lopez*, 189 AD3d 443, 446 [1st Dept 2020]). As explained above, plaintiff failed to allege a fiduciary or confidential relationship, and therefore the accounting claim must be dismissed.

*Unjust Enrichment (5th Cause of Action)*

Defendant argues that the unjust enrichment claim must be dismissed because it is duplicative of the breach of contract claim. Plaintiff does not deny that the two claims are duplicative but argues that the duplicity is allowed because plaintiff is merely pleading the two claims in the alternative given that defendant has not yet admitted the enforceability or applicability of the Agreement. Defendant replies that it does not dispute the existence of the Agreement as shown by the fact that defendant did not move to dismiss the breach claim.

**654218/2023   BRAND SQUARED LLC vs. RYSE UP SPORTS NUTRITION, LLC**
**Motion No.  001**

**Page 7 of 9**

"In New York, where there is both a claim for unjust enrichment and a contract claim, and there is no disagreement about the existence or terms of the contract, the unjust enrichment claim can be dismissed as duplicative of the contract claim" (*Freedom Holding, Inc. v Haart*, 76 Misc 3d 746, 764 [Sup Ct, NY County, 2022]). "Unjust enrichment is 'not a catchall cause of action to be used when other [causes of action] fail'" (*E.J. Brooks Co. v Cambridge Sec. Seals*, 31 NY3d 441, 455 [2018], quoting *Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 790 [2012]).

Here, not only does defendant not challenge the breach of contract claim, defendant also repeatedly holds itself out to accept that an Agreement exists, even attaching the Agreement to its reply papers to support its motion (*see* NYSCEF # 14, Reply; # 15, Representation Agreement). Finally, plaintiff does not dispute that the unjust enrichment claim covers the same conduct and requests the same damages as the breach of contract claim (*see* NYSCEF # 11 at 15-16). The unjust enrichment claim is therefore dismissed.

*Declaratory Judgment (6th Cause of Action)*

Similarly, plaintiff's declaratory judgment claim must be dismissed as duplicative of the breach claim. "A cause of action for declaratory judgment is 'unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract' or injunctive relief" (*Ithilien Realty Corp. v 180 Ludlow Dev. LLC*, 140 AD3d 621, 622 [1st Dept 2016], quoting *Apple Records v Capitol Records,* 137 AD2d 50, 54 [1st Dept 1988] and *Arthur Young & Co. v Fleischman,* 85 AD2d 571, 571 [1st Dept 1981]).

Here, all the relief requested in the declaratory judgment claim is encompassed by the breach of contract claim. The declaratory judgment claim requests four different forms of relief. The first three are that (1) defendant should pay the $374,877.08 in **past** due royalties; (2) defendant should provide "monthly Licensed sales reporting not yet provided . . . so new invoices can be created and sent to the Defendant"; and (3) defendant should pay the amounts due under these "new invoices" (NYSCEF # 2 ¶ 62 [emphasis added]). The breach of contract claim condenses those three into a single breach: "(i) failing to pay **past** amounts due and owing to plaintiff" (*id.* ¶ 38 [emphasis added]).

The fourth and final form of relief under the declaratory judgment claim is that defendant shall "(4) pay [plaintiff] for all **future** Royalty Compensation" as "more fully set forth in the parties' Agreement" (*id.* ¶ 62 [emphasis added]). Similarly, the complaint alleges defendant breached the Agreement by "(ii) refusing to pay for all **future** amounts owed to Plaintiff under the Agreement" (*id.* ¶ 38 [emphasis added]). Because both the declaratory judgment and breach of contract

654218/2023  BRAND SQUARED LLC vs. RYSE UP SPORTS NUTRITION, LLC     Page 8 of 9
Motion No. 001

8 of 9

[* 8]

claims concern both past and future royalties under the Agreement, the declaratory judgment claim is duplicative of breach and must be dismissed.

Plaintiff argues that the claims are not duplicative because New York courts allow parallel breach and declaratory judgment claims where the breach claim is brought for past damages and the declaratory judgment claim for future compliance (NYSCEF # 11 at 13, citing *Barletta v 643-645 Ninth Ave Associates LLC*, No 153167/2015, 2016 WL 7440841, at *5 [Sup Ct, NY County, Dec. 23, 2016]). This argument holds no water because, as just explained, both the breach and declaratory judgment claims allege past and future violations. Moreover, plaintiff's breach of contract claim also requests $35 million in damages despite earlier allegations that defendant only owes $374,877.08 in past-due royalties (*compare id.* ¶ 32 [counsel "provided more time to pay the approximate $374,877.08 in Royalty Compensation that is outstanding"] *with id.* ¶ 39 [pleading "approximately $35 million dollars" in damages for breach]). This hundred-times difference can only be explained by the prospect of future losses due to refusal to pay future royalties.

## Conclusion

For the foregoing reasons, it is

ORDERED that defendant Ryse Up Sports Nutrition, LLC's motion to dismiss the Second, Third, Fourth, Fifth, and Sixth Causes of Action is granted; and it is further

ORDERED that within 30 days of the e-filing of this order, defendant shall file an answer to the complaint; and it is further

ORDERED that a preliminary conference shall be held via Microsoft Teams on May 8, 2024, at 2:00 p.m. or at such other time that the parties shall set with the court's law clerk, provided, however, that the parties shall first meet and confer to determine if there is agreement to stipulate to a preliminary conference order, available at https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part49-PC-Order-fillable.pdf.

| 03/25/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **MARGARET A. CHAN, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | [X] NON-FINAL DISPOSITION | |
| | [X] | GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] | SETTLE ORDER | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] | INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**654218/2023  BRAND SQUARED LLC vs. RYSE UP SPORTS NUTRITION, LLC**                Page 9 of 9
**Motion No. 001**